**Roderick L. MORGAN, Petitioner,**

v.

**Diana MORGAN, Respondent.**

No. 7297.

Supreme Court of Alaska.

July 1, 1983.

James E. Douglas, Baxter & Douglas, Juneau, for petitioner.

David L. Allison, Juneau, for respondent.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS and COMPTON, JJ.

## OPINION

RABINOWITZ, Justice.

The matter comes before us on a petition for review from an order of the superior court denying a motion to dismiss child custody proceedings for lack of jurisdiction. We previously entered an order granting review and reversing the superior court's decision, directing that the case be dismissed for lack of jurisdiction. Our reasons for reversing the superior court's denial of the dismissal motion are as follows.

### I.

Diana and Rod Morgan were married in Juneau, Alaska on December 9, 1973. Three children were born during the marriage. In July 1980, the Morgans moved from Alaska to Virginia. The marriage became strained and in April 1982, Diana Morgan left Virginia to return to Alaska. She took the children without her husband's knowledge. Rod Morgan followed her to Shelton, Washington, where he found the children and took them back to Virginia. Diana Morgan continued traveling to Juneau, where she presently resides.

Upon returning to Virginia, Rod Morgan filed a petition requesting custody of the parties' three children. A hearing was held on temporary custody at which both parties were present and represented by counsel. In addition, a court-appointed guardian ad litem and a social worker participated in

the proceedings. On July 27, 1982, Rod Morgan was awarded temporary custody of the children. A hearing on the question of permanent custody was scheduled before the Virginia court for September 16, 1982.

In accordance with the Virginia court order, the children traveled to Alaska for a three week visit with their mother in late August 1982. A court order modifying the July 27 award of temporary custody directed Diana Morgan to return the children to Virginia on or before September 17, 1982, and continued indefinitely the hearing on permanent custody.

Diana Morgan did not comply with the mandate of the Virginia court. Instead, on September 17, 1982, she filed a divorce complaint in the Superior Court of Alaska seeking *inter alia* custody of the children and a preliminary injunction prohibiting their removal from Alaska.[1] A temporary restraining order was granted immediately. Subsequently, a hearing on the preliminary injunction was held. Rod Morgan appeared through counsel to challenge the superior court's jurisdiction over the children under the Uniform Child Custody Jurisdiction Act (UCCJA), AS 25.30.010–25.30.910. On Octo-ber 6, 1982, the superior court signed an order which preliminarily resolved the jurisdictional issues in favor of Diana Morgan and granted the preliminary injunction. The following day, Rod Morgan moved to dismiss the custody proceeding for want of subject matter jurisdiction. The motion was denied and this petition followed.

## II.

 Interlocutory review is appropriate in this case under Appellate Rules 402(b)(1) and 402(b)(2).[2] Postponement of appellate consideration of the merits of the jurisdictional issue would cause unnecessary hardship to the parties involved in this custody dispute, particularly the minor children. As we observed in *Szmyd v. Szmyd,* 641 P.2d 14, 22 (Alaska 1982), "child custody determinations are among the most difficult in the law, and a child may often carry the effects of a custody award for the rest of his life ... [I]t is extremely important that the appropriate forum make custody determinations." (Citation omitted.) Court proceedings are currently pending in Virginia. Concurrent and protracted legal proceedings, possibly culminating in con-

---

1. We note that Diana Morgan failed to inform the superior court in her complaint that custody proceedings were pending in Virginia at the time she filed for divorce. Such failure constituted a violation of AS 25.30.080(a), which provides:

 Every party in a custody proceeding in his first pleading or in an affidavit attached to that pleading shall give information under oath as to the child's present address, the places where the child has lived within the last five years, and the names and present addresses of the persons with whom the child has lived during that period. In this pleading or affidavit every party shall further declare under oath whether

 (1) he has participated, as a party, witness, or in any other capacity, in any other litigation concerning the custody of the same child in this or any other state;

 (2) he has information of any custody proceeding concerning the child pending in a court of this or any other state; and

 (3) he knows of any person not a party to the proceedings who has physical custody of the child or claims to have custody or visitation rights with respect to the child.

 Diana had informed the Alaska Superior Court of the pendency of Virginia child custody pro-ceedings in a divorce complaint filed a month before the instant action was commenced. However, her second complaint made no reference to the first. On Rod Morgan's motion, the superior court ordered Diana Morgan to dismiss or amend the earlier complaint. The record does not indicate what action was taken in response to this order.

2. Appellate Rule 402(b) provides, in relevant part, that this court may exercise its discretion to grant review from an order which is not appealable under Rule 202 if

 (1) Where postponement of review until appeal may be taken from a final judgment will result in injustice because of impairment of a legal right, or because of unnecessary delay, expense, hardship or other related factors; or

 (2) The order or decision involves an important question of law on which there is substantial ground for difference of opinion, and an immediate review of the order or decision may materially advance the ultimate termination of the litigation, or may advance an important public interest which might be compromised if the petition is not granted ....

flicting rulings on the merits, would almost certainly adversely affect the children and cause the type of hardship which Appellate Rule 402(b)(1) is intended to prevent. Thus, interlocutory review is appropriate here.

Furthermore, this petition presents important questions regarding the proper resolution of jurisdictional conflicts which may arise in UCCJA proceedings. By reviewing at this time the superior court's decision to entertain the Morgan's child custody dispute, we are in a position to expedite the termination of this litigation by obviating a hearing on the merits. *See, e.g., Modern Trailer Sales, Inc. v. Traweek,* 561 P.2d 1192, 1194 (Alaska 1977). Therefore, interlocutory review is also appropriate under Appellate Rule 402(b)(2).

### III.

We turn now to the merits of the superior court's decision to exercise its jurisdiction to resolve this child custody dispute. Rod Morgan contends that in light of the fact that custody proceedings were pending in Virginia at the time Diana Morgan filed her petition, the superior court erred in assuming jurisdiction over this dispute. He relies upon AS 25.30.050, which governs the resolution of jurisdictional conflicts. AS 25.30.-050(a) provides that

> The superior court may not exercise its jurisdiction under this chapter if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this chapter, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.

Specifically, Rod Morgan challenges the superior court's conclusion that Virginia was not "exercising jurisdiction 'substantially in conformity' with [AS 25.30.010 et seq.]" and thus that Alaska was not precluded by AS 25.30.050(a) from entertaining Diana Morgan's petition.

The superior court relied upon AS 25.30.-070(a) to support its finding that Virginia was not exercising jurisdiction in accordance with the Alaska UCCJA, AS 25.30.010 et seq. AS 25.30.070(a) provides:

> If the petitioner for an initial decree has wrongfully taken the child from another state or has engaged in similar reprehensible conduct, the court may not exercise its jurisdiction unless it is necessary in an emergency to protect the child for reasons set out in § 20(2) of this chapter.[3]

The court concluded that Rod Morgan had " 'wrongfully taken' " the children from Diana Morgan in Washington and that Virginia was not exercising its jurisdiction under its emergency powers.

■ We conclude that the superior court erred in holding that Rod Morgan "wrongfully" transported the children from Washington to Virginia. Custody proceedings were not instituted until after Rod Morgan returned to Virginia. Thus, at the time he left Washington with the children, no court had taken jurisdiction over the dispute and both parents were equally entitled to custody. Rod Morgan's conduct was therefore not "wrongful" within the meaning of AS 25.30.070(a), and the superior court should have declined to exercise its jurisdiction under AS 25.30.050(a).

■ The superior court further erred in failing to communicate with the Virginia court before rendering its jurisdictional decision in this case. Although the trial court did send an inquiry to the Virginia courts regarding the Morgan case, in accordance with AS 25.30.050(b),[4] it did not receive the response until October 25, 1982, almost

---

**3.** We construe "§ 20(2)" to refer to AS 25.30.-020(a)(2), which is set out *infra* at p. ——.

**4.** AS 25.30.050(b) provides:

Before hearing the petition in a custody proceeding the court shall examine the pleadings and other information supplied by the parties under § 80 of this chapter and shall consult the child custody records maintained under § 150 of this chapter concerning the pendency of proceedings with respect to the child in other states. If the court has reason to believe that proceedings may be pending in another state, it shall direct an inquiry to the state court administrator or other appropriate official of the other state.

three weeks after the October 6 order was entered. Thus, it is apparent that no effective communication was established with the Virginia courts before the jurisdictional decision was rendered, in contravention of AS 25.30.050(c).[5] Under AS 25.30.050(c), the Alaska proceedings should have been stayed pending communication with Virginia.

■ In light of the foregoing, we hold that the superior court applied AS 25.30.050 incorrectly in reaching the decision that it should assume jurisdiction over this dispute despite the pendency of jurisdictionally sound proceedings in Virginia.[6]

■ Our decision that the Alaska proceedings should be dismissed, permitting the custody litigation to continue only in the children's home state, is in accordance with several of the primary purposes underlying the UCCJA as well as the specific jurisdictional provisions discussed earlier.[7] Virginia is the state with which the Morgan children have the closest connection, and thus it is the courts of that state which can best decide the case in the best interests of the children.

## IV.

For the foregoing reasons we conclude that the superior court does not have jurisdiction over the Morgan custody proceedings.

Therefore, the decision below is REVERSED and REMANDED with directions to dismiss the case for lack of jurisdiction.[8]

**5.** AS 25.30.050(c) provides:

If the court is informed during the course of the proceeding that a proceeding concerning the custody of the child was pending in another state before the court assumed jurisdiction, it shall stay the proceeding and communicate with the court in which the other proceeding is pending so that the issue may be litigated in the more appropriate forum and information may be exchanged in accordance with §§ 180—210 of this chapter.

**6.** We observe that the courts of Virginia were clearly exercising jurisdiction in accordance with AS 25.30.020(a)(1), which permits the assertion of jurisdiction if

this state (A) is the home state of the child at the time of commencement of the proceeding, or (B) had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons ....

AS 25.30.900(5) defines "home state" as "the state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as a parent, for at least six consecutive months." Since the children had moved to Virginia with the parents in July 1980, and were still residing in Virginia with Rod Morgan when he filed his petition for custody in late spring of 1982, Virginia was their "home state" within the meaning of AS 25.30.900(5) when the Virginia proceedings were commenced.

**7.** See AS 25.30.010, which states that

The general purposes of this chapter are to

(1) avoid jurisdictional competition and conflict with courts of other states in matters of child custody which have in the past resulted in the shifting of children from state to state with harmful effects on their well-being;

(2) promote cooperation with the courts of other states to the end that a custody decree is rendered in the state which can best decide the case in the interest of the child;

(3) assure that litigation concerning the custody of a child takes place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state ....

**8.** Our decision regarding the jurisdictional dispute makes it unnecessary for us to consider Rod Morgan's request for review of the order denying his motion for change of judge under Civil Rule 42.