Suzan A. STOKES, Appellant,

v.

Jeffery P. STOKES, Appellee.

No. S–2187.

Supreme Court of Alaska.

April 1, 1988.

---

Maryann E. Foley, Anchorage, for appellant.

Patrick J. McKay, Anchorage, for appellee.

### OPINION

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

COMPTON, Justice.

This appeal raises the question whether the superior court erred by dismissing an action for divorce and child custody on the ground that it lacked jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA or "Act"), AS 25.30.010–.900. We conclude that the superior court properly dismissed the issue of child custody. However, the case should have proceeded on the issue of divorce. Therefore, we affirm in part and reverse in part.

### I.  FACTS AND PROCEEDINGS

Suzan Stokes and Jeffery Stokes were married in Ohio in 1980. Both were in the United States Air Force. Jeff was discharged in 1982 for misconduct involving drugs. Their only child, Cera, was born in California in July 1983. In January 1985, they moved to Italy where Suzan was to be stationed.

After the Stokes' arrival in Italy, Suzan became pregnant by another man. On June 12, 1986, Jeff left Suzan and took Cera with him to his mother's home in Ohio, leaving a note to that effect for Suzan.

Suzan obtained emergency leave and went to Ohio. On June 20, she filed an action for divorce and permanent custody in Ohio. She alleged that she was a resident of Ohio, presently stationed at a United States Air Force base in Italy pursuant to military orders. On July 18, the Ohio court entered an order granting Jeff temporary custody. The order directed that Suzan not remove Cera from the State of Ohio "during pendency of [the] case." On July 25, Suzan reported back for duty in Italy.

Due to her pregnancy, Suzan was able to obtain a discharge and returned to Ohio in October. Cera was living with Jeff, who permitted Suzan to visit Cera under an informal agreement.

On November 7, Suzan filed a notice of dismissal of the Ohio action.[1]  On Novem-

---

1. The notice of dismissal was filed pursuant to Rule 41(A)(1) of the Ohio Rules of Civil Procedure, which provides:

   (A) Voluntary Dismissal: Effect Thereof
   (1) *By Plaintiff; by Stipulation.* Subject to the provisions of Rule 23(E) and Rule 66, an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant or (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff

ber 9, while visiting with Cera, Suzan took Cera away to Alaska, where Suzan's parents were living. Jeff learned late that night that the Ohio action had been dismissed and that Suzan had taken Cera to Alaska.

On November 12, Suzan filed a complaint for divorce and child custody in the Superior Court for the Third Judicial District at Anchorage, Alaska, alleging that she "[was] a resident of the State of Alaska." Jeff moved to dismiss the Alaska action or transfer the custody issue to Ohio on the grounds that (1) Alaska lacked subject matter jurisdiction under AS 25.30.020(a), (2) Alaska was an inconvenient forum under AS 25.30.060, and (3) Suzan's actions were wrongful under AS 25.30.070.

■ The superior court dismissed the action without stating its reasons.[2] Ordinarily when the superior court fails to state reasons for granting a motion to dismiss, we remand the case. *See Szmyd v. Szmyd*, 641 P.2d 14, 19 (Alaska 1982) (error to deny an inconvenient forum motion brought under AS 25.30.060 without stating reasoning); *cf. Kimmons v. Heldt*, 667 P.2d 1245, 1251 (Alaska 1983) (remand for finding whether conduct reprehensible under AS 25.30.070). We may affirm the trial court's decision when undisputed facts in the record provide support for that decision.[3] *Kennecorp Mort. & Equities, Inc. v. First Nat'l Bank*, 685 P.2d 1232, 1237 n. 3 (Alaska 1984). Thus we must determine on the basis of undisputed facts whether any ground for dismissal asserted by Jeff

is sustainable. *Foster v. Foster*, 684 P.2d 869, 872 (Alaska 1984).

## II. AS 25.30.070: WRONGFUL CONDUCT

■ Alaska may not exercise child custody jurisdiction if the person seeking an initial decree has wrongfully taken the child from another state or engaged in similar reprehensible conduct.[4] Therefore, we must decide whether the record demonstrates that Suzan acted wrongfully in taking Cera from Ohio. Facts material to this issue are not in dispute.

Suzan argues that she did not act wrongfully because she had a right to custody. Jeff contends that Suzan acted wrongfully because she initiated the divorce and custody action in Ohio, and then dismissed her complaint to avoid the effect of an order granting Jeff temporary custody.[5]

In *Morgan v. Morgan*, 666 P.2d 1026, 1029 (Alaska 1983), we stated that both parents are equally entitled to custody of a child before any court has taken jurisdiction over a dispute; therefore, a father did not act wrongfully in taking children from their mother when no legal action had been instituted. *See also In re Corey*, 145 Ohio St. 413, 61 N.E.2d 892 (1945) (in the absence of an agreement or binding court order parents have equal rights to custody of their children).

The instant case is distinguishable. Suzan instituted a divorce and custody action in Ohio. The Ohio court granted Jeff temporary legal custody of Cera. Suzan cir-

---

who has once dismissed in any court, an action based on or including the same claim. Since Jeff asserted no counterclaim, the rule appears not to require court approval of the dismissal. Nonetheless it was approved by Judge J. Shattuck, Jr., and filed December 3, 1986. Arguably the action was still pending when Suzan left Ohio with Cera on November 9. Jeff remarks on this argument, but does not rely on it.

2. Jeff filed an action for divorce and custody in Ohio the day before he entered an appearance to contest Alaska's jurisdiction. When the Alaska court dismissed Suzan's action, Ohio reassumed jurisdiction over Cera under its version of AS 25.30.020(a)(3) because Alaska had declined jurisdiction in favor of Ohio.

3. Nevertheless, sound judicial practice should compel a trial court to explain its ruling when discussing a child custody proceeding.

4. AS 25.30.070(a) provides:

   If the petitioner for an initial decree has wrongfully taken the child from another state or has engaged in similar reprehensible conduct, the court may not exercise its jurisdiction unless it is necessary in an emergency to protect the child and the court has jurisdiction under AS 25.30.020(a)(2).

5. The temporary custody order prohibited Suzan from "remov[ing] the child from the state of Ohio during pendency of [the] case."

cumvented the temporary custody order by dismissing the underlying action. She then left Ohio with Cera, without any notice to Jeff of her intentions, before Jeff learned that the Ohio action had been dismissed.[6] Suzan's justification for this conduct is that Jeff did the same thing to her when he left Italy.

The UCCJA does not define "wrongful" or "reprehensible," nor can we find any reported cases that have done so. However, the commentary to section 8 of the Act provides some guidance:

> "Wrongfully" taking under this subsection does not mean that a "right" has been violated—both husband and wife as a rule have a right to custody until a court determination is made—but that one party's conduct is so objectionable that a court in the exercise of its inherent equity powers cannot in good conscience permit that party access to its jurisdiction.

UCCJA § 8 commissioners' note, 9 U.L.A. 143 (Master ed. 1979).

We conclude that for conduct to be wrongful or similarly reprehensible, it is not necessary that a child be taken in violation of an outstanding order or decree, nor is it a defense that no order or decree has been entered. It is sufficient when the conduct is "so objectionable that a court ... cannot in good conscience permit the party access to its jurisdiction." *Id.* See *Williams v. Zacher*, 35 Or.App. 129, 581 P.2d 91, 94 (1978). Because these cases arise in a myriad of contexts, no single formula can resolve the issue whether jurisdiction should be declined by reason of conduct. The court must consider the totality of the circumstances in making such a determination. Relevant circumstances include, but are not limited to, the length of time the child has been in one of the several jurisdictions, the effect on the child of removing the child from one jurisdiction to another, whether subterfuge has been used, and whether either party had already sought protection of another court. The fact that one parent previously had taken the child unilaterally does not entitle the other parent to do likewise. *Mondy v. Mondy*, 428 So.2d 235, 238 (Fla.1983).

Because we hold that Suzan's conduct was wrongful as a matter of law, we affirm the superior court's dismissal of her child custody claim.

## III. CONCLUSION

The order of the superior court dismissing the claim for custody is AFFIRMED. Dismissal of the claim for divorce is REVERSED, because jurisdiction of a claim for divorce does not depend on the UCCJA. The case is REMANDED for further proceedings consistent with this opinion.

---

6. The notice of dismissal was served on Jeff by mailing a copy to his counsel of record on November 7, a Friday. Suzan and Cera flew to Alaska on November 9, a Sunday.