Kim Elizabeth PINNEO, Appellant,

v.

Kenneth Wayne PINNEO, Appellee.

No. S–4470.

Supreme Court of Alaska.

June 30, 1992.

D. Scott Dattan, Law Office of D. Scott Dattan, Anchorage, for appellant.

Paula Williams, Law Office of Paula Williams, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

Samantha Hall, formerly Kim Elizabeth Pinneo, appeals from a Decree of Custody which modified a prior arrangement by which she had custody of her two minor daughters. The decree granted legal and physical custody of the two children to their father, Kenneth Wayne Pinneo. Hall contends that the superior court lacked jurisdiction to enter the decree. She further contends that critical findings of fact were not supported by the evidence and that the court abused its discretion in awarding custody of the children to Pinneo.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Hall and Pinneo were married in 1980. Two daughters were born during the marriage, Danielle on August 6, 1981 and Sara on October 10, 1982. Hall and Pinneo were divorced in 1985. They agreed that Hall be awarded sole legal and physical custody of the children and Pinneo reasonable visitation rights, as well as an ongoing child support obligation. Hall remarried in the fall of 1987.

In October 1987 Pinneo filed a motion asking for specific visitation privileges. He contended that Hall was hindering his visitation with the children, including failing to disclose their current address. Hall alleged that Pinneo had sexually abused one of the children. In November 1987 and January 1988, Trial Court Master Andrew M. Brown heard arguments and testimony on Pinneo's motion. Master Brown concluded:

The evidence is clear that there has been a change of circumstances justifying modification of the Decree of Divorce's visitation terms. The parties have not been able to reasonably communicate concerning visitation. Ms. Hall's fears of Mr. Pinneo having sexually abused, touched or contacted Sara are without foundation, but have impeded her willingness to deal with Mr. Pinneo on reasonable visitation arrangements.

Master Brown's report was approved by superior court order dated February 15, 1988. The order modified Pinneo's visitation rights and directed that neither party remove the children from Alaska without the written consent of the other or court approval.

In March 1988 Hall moved to Washington with the children. The parties dispute whether Pinneo gave his permission for the move. After eight weeks in Washington, Hall moved to Texas with the children and her new husband, Mr. Hall. In October, after the parties could not agree on an out-of-state visitation schedule, Pinneo filed a second motion for modification of visitation rights. The court ordered a custody investigation.

In February 1989 the Halls divorced. Samantha Hall moved to California with the children. In June she filed a motion to increase Pinneo's child support obligation, pursuant to Alaska Civil Rule 90.3. Pinneo moved for a change of child custody in June, while his Motion for Modification of Visitation was still pending. Hall opposed Pinneo's custody motion on the merits. She also argued that the Alaska courts lacked jurisdiction to determine custody of the children. In May 1990 Hall moved back to Texas with the children and reunited with Mr. Hall.

Trial of the custody dispute was held in Anchorage in January and February 1991. After Superior Court Judge Mark C. Rowland addressed arguments regarding jurisdiction,[1] the trial proceeded. Judge Rowland awarded immediate legal custody of

---

1. Hall submitted to this court an emergency petition for review of the jurisdictional issues. The petition was denied.

the children to Pinneo. He directed that the children reside with Hall through the remainder of the 1990/1991 school year, awarding Pinneo physical custody of the children thereafter. He awarded Hall visitation rights during the summers and certain holidays. Hall appeals.

Hall contends the court erred by assuming subject matter jurisdiction over the custody dispute and further erred by failing to later decline jurisdiction as an inconvenient forum. She also argues that the court abused its discretion when it ordered a change in custody, because no substantial change in circumstances occurred and because the court improperly balanced the nine statutory criteria relevant to a custody issue. She argues that some of the court's findings of fact were not supported by the evidence.

## II. STANDARDS OF REVIEW

[1] In this case, the trial court found jurisdiction to determine custody on the basis of AS 25.30.020(a)(3).[2] We have independently reviewed jurisdictional facts in determining whether jurisdiction was properly assumed under the statute. *See, e.g., S.J. v. L.T.*, 727 P.2d 789, 793 (Alaska 1986). However, a trial court's assumption of jurisdiction on the basis of the "best interests" of the children is reviewed under an abuse of discretion standard. *Id.* at 794. We review a court's decision to decline jurisdiction as an inconvenient forum for abuse of discretion. *Szmyd v. Szmyd*, 641 P.2d 14, 18 (Alaska 1982).

"This court will only disturb the trial court's resolution of custody issues [such as determinations regarding substantial changes in circumstances] 'if the record shows an abuse of discretion or if controlling findings of fact are clearly erroneous.'" *House v. House*, 779 P.2d 1204, 1207 (Alaska 1989) (quoting *Faro v. Faro*, 579 P.2d 1377, 1379 (Alaska 1978)).

## III. DISCUSSION[3]

### A. JURISDICTION

■ Alaska has adopted the Uniform Child Custody Jurisdiction Act (UCCJA), AS 25.30. An Alaska court may determine or modify child custody only if the jurisdictional prerequisites of AS 25.30.020(a) are met. *Szmyd*, 641 P.2d at 16–17. Further, courts in Alaska must evaluate jurisdiction under the UCCJA afresh at the time of the motion for modification. *Baumgartner v. Baumgartner*, 788 P.2d 38, 40 (Alaska 1990) ("Jurisdiction to modify custody must exist at the time of the motion to modify, and cannot relate back to that of the original decree.").

On the first day of trial in this case, the court determined that it had jurisdiction

2. AS 25.30.020 provides as follows:

(a) The superior court has jurisdiction to make a child custody determination by initial or modification decree if the conditions set out in any of the following paragraphs are met:

(1) this state (A) is the home state of the child at the time of commencement of the proceeding, or (B) had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of removal or retention by a person claiming custody or for other reasons, and a parent or person acting as parent continues to live in this state; or

(2) the child is physically present in this state and is a child in need of aid as defined in AS 47.10.990; or

(3) it (A) appears that no other state would have jurisdiction under prerequisites substantially in accordance with (1) or (2) of this subsection, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (B) is in the best interest of the child that this court assume jurisdiction.

(b) Except under (a)(2) and (3) of this section, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.

(c) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine the child's custody.

3. Besides the three issues discussed below, Hall contends in her opening brief that the court erred in failing to address her motion for modification of child support. However, in her reply brief she concedes that no final order addressed her motion. We decline to review the matter as it is not properly before this court. Alaska R.App.P. 202(a).

under AS 25.30.020(a)(3).[4] The court asserted jurisdiction through an application of the analysis set out in *Szmyd* to the facts in this case.[5] We conclude that the court did not err in its analysis.

*Szmyd* contains the following discussion regarding jurisdiction under AS 25.30.020:

Subsection (1) is not met because Alaska has not been the child's home state for over two and one-half years. Nor is subsection (2) applicable on these facts. Alaska does have jurisdiction under subsection (3), however, because neither California nor Washington, the only other states in which the child has lived, could assert jurisdiction substantially in accordance with subsections (1) or (2), on the facts of this case. Subsection (1), the only possibly applicable provision, could not be satisfied by either state as of December 5, 1980, the date the motion for a change of custody was filed and the relevant measuring date.

*Szmyd*, 641 P.2d at 18.

We noted in *Szmyd* that the child had only resided in California for approximately three months as of December 5, 1980. Therefore, California was not a "home state" under AS 25.30.900(5). *Id.* at 18 n. 10. The opinion gives no indication that the parties contested whether California had jurisdiction under its "significant connection" test, although we noted that Alaska has not adopted the "significant connection" basis for jurisdiction. *Id.* at 18 n. 8.

Hall contends that "the superior court failed to inquire whether no other state could exercise jurisdiction in substantial compliance with Alaska's enactment of the UCCJA, and thereby abused its discretion in accepting jurisdiction." Hall contends generally that California could have asserted jurisdiction under its "significant connection" test.[6]

We decline Hall's invitation to adopt a rule that a trial court must independently determine that no other state is a proper forum before asserting jurisdiction under AS 25.30.020(a)(3). If a party to a custody dispute believes that another state has jurisdiction under prerequisites substantially in accordance with AS 25.30.-020(a)(1) or (2), that party bears the burden of presenting the court with evidence which, if unexplained or uncontradicted, would support a finding that the other state has jurisdiction.

Hall raised the contention that California might have jurisdiction over this matter. Hall had control over whatever evidence might have demonstrated a significant connection with California. "The party asserting a fact generally bears the burden of proving that fact. This is particularly true when the party asserting a fact controls the evidence which bears upon that fact." *Sloan v. Jefferson*, 758 P.2d 81, 83 (Alaska 1988) (citations omitted). In this case, Hall simply failed to carry her burden of proof. Based on our review of the record, we conclude that Hall failed to present the trial court with evidence which, if unexplained or uncontradicted, would support a finding that there was a "signifi-

---

**4.** We have acknowledged the Commissioners' Note to subsection (a)(3) which states that this subsection "is to be resorted to only if no other state could, or would, assume jurisdiction under the other criteria of this section." *S.J. v. L.T.*, 727 P.2d at 792 (quoting UCCJA § 3, 9 U.L.A. 124 (1979)).

**5.** The court's oral findings regarding jurisdiction and inconvenient forum were not made a part of the record on appeal. However, Pinneo has attached a portion of the trial transcript which includes the court's findings as Appendix 1 to his brief. Hall does not dispute the authenticity of the transcript.

**6.** The California statute provides in part:

(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if the conditions as set forth in any of the following paragraphs are met:

. . . .

(b) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships.

Cal.Civil Code § 5152 (West 1983).

cant connection" with California.[7]

Judge Rowland never clearly addressed the second element of AS 25.30.020(a)(3), which requires that assumption of jurisdiction be in the "best interests" of the children. However, as a practical matter, he effectively evaluated the best interests of the children where he made explicit findings regarding the inconvenient forum issue discussed below. Thus any error in this respect is harmless.

Therefore, we conclude that the trial court had jurisdiction to modify the child custody award in this case under AS 25.30.020(a)(3).[8]

### B. INCONVENIENT FORUM

■ Under AS 25.30.060, a court may decline to exercise its jurisdiction any time before issuing a decree if in its discretion it finds that it is an inconvenient forum or finds that a court of another state is a more appropriate forum. AS 25.30.060(a). The court must consider the best interests of the child and may take into account several statutory factors in making this determination. AS 25.30.060(c). In this case, the court determined that it was not an inconvenient forum.

Hall contends that in determining whether Alaska was an inconvenient forum the court abused its discretion because it did not consider the interests of the children as required by AS 25.30.060 and *Szmyd*. Hall argues that the court misinterpreted the third statutory factor regarding the location of the best evidence,[9] and that the court gave too much consideration to the nonstatutory factors of relative hardship to the parties and the timing of the motion. She argues that the expert testimony submitted by Pinneo lacked substance regarding the children's *present* status and relationship with their mother.

In conformity with our directions in *Szmyd*, 641 P.2d at 19, the court in this case articulated its reasons for denying Hall's inconvenient forum motion. In making its determination to retain jurisdiction, the court expressly considered the statutory factors established at AS 25.30.060.[10] In addition, the trial court focused heavily

7. Hall argues that her contention that California may have had jurisdiction to determine this dispute is supported by language in *Kimmons v. Heldt*, 667 P.2d 1245 (Alaska 1983). Interpreting AS 25.30.050(a), this court held in *Kimmons* that the " 'significant connections' basis of jurisdiction available in California is consistent with this purpose of the [UCCJA] and is therefore in substantial conformity with the [UCCJA] as adopted in this state." 667 P.2d at 1249. Because of Hall's failure to carry her burden of proof, we need not examine the application of *Kimmons* to this case.

8. Pinneo argues that an entirely separate basis for jurisdiction exists. Pinneo contends that since his October 11, 1988 Motion to Modify Visitation and related custody investigation were still pending in June 1989, California would not have been able to assert jurisdiction. In light of our holding above, we need not address this argument.

9. Among other factors, AS 25.30.060 suggests that in determining if it is an inconvenient forum, the court should consider "if better evidence concerning the child's present or future care, protection, training, and personal relationships is available in another state, or if equally substantial evidence is more readily available in another state." AS 25.30.060(c)(3).

10. Denying Hall's motion that the court find Alaska to be an inconvenient forum, Judge Rowland found as follows:

> I am bound to make certain findings in this matter. I will say at the outset, the most important finding I will make is that the relief sought was only pressed on the day of trial.
>
> It appears to me that the home state at the time of hearing, which is appropriate to consider, would be Texas. At the time the motion was filed, apparently the children had no home state.
>
> The children have had little connection with the state of Alaska for some period of time. As far as considering where the most likely source of information would be, I really have little information to determine that. I can say, however, that since the motion was really pressed today, and today is the date of trial, that this is the day that should be considered. And it appears to me that the information is most readily available here, and the parties are here. The witnesses are here. And I see no reason why this wouldn't be the most likely state in terms of it being the most appropriate source of information.
>
> Clearly, if this matter had been brought up some time ago, that consideration would be quite different.
>
> Likewise, in determining where the greater hardship lies, it appears to me that that should be determined at the time that the motion is pressed as well. And determining that today, I could say clearly that the hardship would be greater on the father if this court would declare itself on this date, an

on the nonstatutory factor of the timing of Hall's inconvenient forum motion.

We do not think it improper for a court to consider the timing of an inconvenient forum motion as it considers the location of necessary evidence. In this case, the court found that Hall waited until the day of trial to raise inconvenient forum concerns. Hall, the children and an expert witness had flown to Alaska for the trial. Other witnesses and evidence had been assembled.[11] Judge Rowland specifically found that "to allow a motion such as this to be considered on the day of trial ... when all are present, would do more to contravene the purposes of the Uniform Act [than] anything else." In light of these facts and findings, we cannot conclude that the court abused its discretion in determining that it was in the best interests of the children that the custody trial proceed in Alaska.

## C. THE COURT DID NOT ABUSE ITS DISCRETION IN GRANTING CUSTODY TO PINNEO

■ Hall contends that there was no significant change in circumstances which justified a modification of custody, that the court's findings of fact were clearly erroneous, and that the court disregarded the best interests of the child. Hall also argues that the court assigned too much weight to "the desire and ability of each parent to allow an open and loving frequent relationship between the child and the other parent." AS 25.24.150(c)(6).

In this case, the court determined that the original custody order should be modified and that custody of the children should be awarded to Pinneo. We conclude that the court's findings are adequately supported by evidence and that the court

did not abuse its discretion in making this determination. *See Faro v. Faro,* 579 P.2d 1377, 1379 (Alaska 1978).

■ A court may not modify an existing custody arrangement unless it determines that "a change in circumstances requires the modification of the award and the modification is in the best interests of the child." AS 25.20.110.

Evidence in the record supports the court's determination that a change in circumstances required modification of the existing custody award. The court did not clearly err in finding that Hall took the children from Alaska to Washington without Pinneo's permission. The record citations Hall provides do not persuasively show otherwise. Further, the court did not err in determining that Hall's move from Alaska to Washington and her series of relocations from Washington to Texas to California and back to Texas constituted substantial changes in circumstances. *See House v. House,* 779 P.2d 1204, 1208 (Alaska 1989) (holding that the custodial parent's decision to relocate children from Alaska to California constitutes a substantial change in circumstances).

We are not persuaded that the court's modification of custody was inconsistent with the best interests of the children. Judge Rowland's decision to place the children in Pinneo's custody was based in large part on his findings of a detrimental and well established pattern of behavior on the part of Hall to "erode[ ] the bonds of love and affection between the father and the children." [12]

These findings are supported by evidence and are not clearly erroneous. Following a thorough investigation, Alaska Custody In-

---

inconvenient forum and require the parties to seek their remedies elsewhere.

I also think that to allow a motion such as this to be considered on the day of trial when all present—when all are present, would do more to contravene the purposes of the Uniform Act and anything else [sic].

**11.** Hall made passing reference to evidence in Texas that the court should have considered. In making an inconvenient forum determination, a court must not casually dismiss claims that better evidence exists in another jurisdiction. However, we find nothing in the record which

demonstrates that Hall offered proof regarding specific witnesses or other evidence she felt were necessary to determine the best interests of the children which were not available in Alaska. Absent such an offer of proof, there is no basis upon which we could say that the court abused its discretion.

**12.** Among other things, the court found as follows:

3. The court finds that it has been established by clear and convincing evidence that the best interests of these children is that a change of custody occur at this time.

vestigator John Hanscom recommended in a report dated January 24, 1991, that the children be placed in the custody of Pinneo. Among the reasons for Mr. Hanscom's recommendation was his conclusion that "Pinneo ... appears to have the greater desire and ability to allow an open and loving frequent relationship between the children and the other parent." Moreover, William I. McAdoo, Jr., Ph.D., a clinical psychologist, found as follows:

> Mrs. Hall appears to have been willful in her efforts to deny Mr. Pinneo visitation over a period of years and that false allegations, constant relocations, not providing simple information such as telephones and addresses over and over again, was abusive and not in the best interests of the children in this case.

In light of the court's finding that the existing custody arrangement placed the relationship of the father and the children at risk we cannot conclude that the court abused its discretion by granting custody of the children to Pinneo.

■ Hall's argument that the court gave too much weight to one statutory factor is grounded in her assertions that statements in Mr. McAdoo's report were false. Evaluations of credibility are within the province of the trial court. *Parker v. Northern Mixing Co.*, 756 P.2d 881, 892 (Alaska 1988). The court did not clearly err in relying on the report of Mr. McAdoo especially in light of the court's finding that "Hall has not been a credible witness in these proceedings."

The judgment of the court is AFFIRMED.

---

4. The court finds that the mother's pattern of behavior has been directed toward eroding the bonds of love and affection between the father and the children. The court finds that evidence of the mother's attempts to erode the bond include, but are not limited to, the fact that she has limited the father's access to the children by various means described in the testimony heard at trial.

5. The court finds that it is in the best interests of the children that the bonds of love and affection between them and their father not only be preserved, but that they be rebuilt. If the bonds are allowed to deteriorate or are destroyed, the court finds that it will have a significant negative effect on the children not only now, but in the future.

6. The court finds that if the children are continued in the custody of their mother, this well-established pattern on the part of the mother to erode [sic] the bonds between the father and the children will continue.