**James L. JONES, Appellant,**

v.

**Ellen L. JONES, Appellee.**

**No. S-6727.**

Supreme Court of Alaska.

Nov. 15, 1996.

William T. Ford, Anchorage, for Appellant.

Roger E. Henderson, Houston & Henderson, Anchorage, for Appellee.

Before COMPTON, C.J., and RABINOWITZ, MATTHEWS and EASTAUGH, JJ., and SHORTELL, J. Pro Tem.*

## OPINION

RABINOWITZ, Justice.

### I. INTRODUCTION

This appeal arises from a child custody proceeding. The sole issue on appeal is whether the superior court abused its discretion by awarding attorney's fees in the amount of $2,500 and costs to Ellen Jones.

### II. FACTS AND PROCEEDINGS

James Jones and Ellen Jones were divorced on March 20, 1987 in California. The Joneses have two children, born in 1982 and in 1983. Ellen was awarded primary physical custody of both children, and James was awarded visitation rights during alternate Christmas holiday vacations and for each summer.

In 1992, James was transferred by the Air Force to Elmendorf Air Force Base in Anchorage, and Ellen moved to Texas with the children. The two children arrived in Alaska to visit with their father in June 1994. James claims in his brief that his children complained about the way their mother was caring for them. On August 19, 1994, James registered the California decree in the superior court of Alaska, and filed a Motion for Modification of Child Custody. The children remained in Anchorage and their father enrolled them in Anchorage schools.

Ellen filed an opposition to James's motion and also moved for dismissal of the motion for lack of jurisdiction, for an order requiring James to return the children to her, and for

costs and attorney's fees. A hearing before a special master was held. The special master issued a report and findings, recommending that the superior court dismiss James's motion for lack of jurisdiction. The superior court adopted the report and additionally ruled that California had "continuing jurisdiction."

Thereafter, the California court of original jurisdiction entered an order requiring James to return the children. On December 12, 1994, Ellen filed a motion in the superior court to enforce the California court's order, and also moved for attorney's fees and costs. On December 15, the superior court ordered that James return the children to their mother, now in Florida, by December 19, 1994, and also provided that Ellen could move for attorney's fees. The order did not specify a time limit in which the motion should be filed. James apparently did not comply, and the superior court threatened on December 22, 1994 to hold James in contempt of court and to arrest him if he did not offer proof that he paid for his children to fly to Florida on December 23, 1994. After a single justice declined to grant an emergency motion for a stay, James complied, and the children were apparently sent home that same day.

On February 24, 1995, Ellen filed a motion seeking attorney's fees and costs. The superior court awarded Ellen $2,500 in attorney's fees and costs. This appeal followed.

### III. STANDARD OF REVIEW

██ A trial court's award of attorney's fees will be reversed on appeal if the award is "arbitrary, capricious, manifestly unreasonable, or stems from improper motive." *Zimin v. Zimin*, 837 P.2d 118, 124 (Alaska 1992) (citation omitted).

### IV. DISCUSSION

This appeal involves two issues pertaining to attorney's fees. First, we must decide whether Ellen's motion for attorney's fees was timely. Second, we address the issue of whether the superior court made the requisite findings to justify an award of attorney's fees under the relevant statute.

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

### A. *Was Ellen's Motion for Attorney's Fees Timely?*

James asserts that Ellen's motion for attorney's fees was untimely since she submitted her motion over two months after the superior court disposed of the underlying custody issue.[1]

■ The superior court explicitly based its award on AS 25.30.070(c). That statute states:

> In appropriate cases a court dismissing a petition under this section may charge the petitioner with necessary travel and other expenses, including attorney fees, incurred by other parties or their witnesses.

The superior court relied on this statute since it referred to AS 25.30.070(b) as the basis for its decision declining jurisdiction.[2]

Awards of attorney's fees in custody cases have been considered to be outside the scope of Civil Rule 82. *L.L.M. v. P.M.*, 754 P.2d 262, 264 (Alaska 1988). Nevertheless, James asks this court to rule that the same ten-day time limit which applies to motions for attorney's fees under former Civil Rule 82(c) be applied to motions for attorney's fees based on AS 25.030.070(c).

This argument has some merit. Our decision in *L.L.M.* to exempt awards of attorney's fees in custody cases from the strictures of former Civil Rule 82 was not concerned with the time limitations of that rule. Rather, that decision was focused primarily on the appropriate standard that should be used to assess attorney's fees in custody cases. *L.L.M.*, 754 P.2d at 264.

Former Civil Rule 82(c) states in relevant part:

> A motion is required for an award of attorney's fees under this rule. The motion must be filed within 10 days, after the date shown in the clerk's certificate of distribution on the judgment.... Failure to move for attorney's fees within 10 days or such additional time as the court may allow, shall be construed as a waiver of the party's right to recover attorney's fees.

Unlike former Civil Rule 82, AS 25.30.070(c) sets no time limitation for making a motion requesting attorney's fees. In fact, AS 25.30.070 does not seem to require a motion at all, indicating simply that the court may "charge" the petitioner with appropriate attorney's fees and costs. With respect to specific time limitations, we observe that there is nothing unique to custody cases which would make it more difficult for attorneys to file motions for attorney's fees and costs in a timely manner. Additionally, we note that our reasoning in *L.L.M.* does not require that parties in custody cases be given more time to file motions for attorney's fees than provided for in former Rule 82.

Given the lack of a meaningful distinction pertaining to matters of procedure between attorney's fees awards under AS 25.30.070(c) and awards governed by former Rule 82, we conclude that a party moving for attorney's fees under AS 25.30.070(c) was required to file a motion within ten days following the trial court's final disposition of the controlling custody issue, unless the trial court grants additional time.

---

1. Ellen did, in fact, move for attorney's fees on two occasions prior to her February 24, 1995 motion. Her filings dated September 21, 1994 and December 12, 1994 both included a request for attorney's fees. The superior court apparently did not rule on these motions.

2. AS 25.30.070(b) reads:
   If the petitioner for a modification decree has, without the consent of the person entitled to custody, improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody, the court may not exercise its jurisdiction to modify a custody decree of another state unless it is necessary in an emergency to protect the child and the court has

jurisdiction under AS 25.30.020(a)(2). If the petitioner has violated any other provision of a custody decree of another state, the court may decline to exercise its jurisdiction if this is just and proper under the circumstances.
   The superior court referred to this statute in two of its rulings. First, the report of the special master referred to this statute as the basis for suggesting that jurisdiction be declined, though the report also referred to another statute that could serve that function. The superior court subsequently adopted this report. Second, the superior court relied on AS 25.30.070(b) as the basis for denying James's motion for reconsideration of the superior court's order implementing the report of the special master. ·

However, as the law stood at the time that this attorney's fee issue was before the superior court, custody cases could reasonably be construed as exempt from Civil Rule 82(c) by virtue of *L.L.M.* Since AS 25.30.070(c) made no mention of any applicable procedures at the time that Ellen filed her attorney's fees motion, there was no ascertainable rule regarding the period of time that a party had to move for an award of attorney's fees in custody disputes. Additionally, we note that in her earlier motion for an order requiring James to return the children pursuant to the California court's order, Ellen requested that James "be ordered to pay the defendant's costs and attorneys fees in this action...." In its order requiring James to return the children to Ellen, the superior court provided, without stating any explicit time limit, that Ellen "may move for costs and attorney's fees in such amount as shall be determined as appropriate by the court."

Under these circumstances, we conclude that the superior court did not abuse its discretion by implicitly considering Ellen's motion for attorney's fees to have been timely filed. Further, we note that all motions for attorney's fees, including motions grounded on statutes, made after the July 15, 1996 effective date of the amendment to Civil Rule 82(c), must be made within the ten-day time frame provided for in the current rule.[3]

B. *Are the Superior Court's Findings Sufficient to Support an Award of Attorney's Fees?*

Jones also argues that the findings made by the superior court are not sufficient to support an award of attorney's fees under AS 25.30.070(c).

His argument relies on our decision in *Kimmons v. Heldt,* 667 P.2d 1245 (Alaska 1983). However, *Kimmons* does not address the standard for awarding attorney's fees

when the basis for dismissal of the case is AS 25.30.070(b),[4] which is at issue here. We think that the reprehensibility standard discussed in *Kimmons,* which applies to situations governed by AS 25.30.070(a),[5] also applies to situations governed by AS 25.50.070(b). The essential distinction between subsections (a) and (b) is not in the quality of wrongful behavior required; it is whether a petitioner is asking for an initial custody decree or a modification of a custody decree of another state. We can think of no persuasive reason to apply different standards to cases governed by the two subsections, despite the fact that the two subsections contain different language. The key inquiry is whether the "petitioner has abducted the child or has engaged in some other objectionable scheme to gain or retain physical custody of the child in violation of the decree...." *Comment,* 9 U.L.A. 116 (Master ed.1979).

We previously set guidelines for defining "wrongful" or "reprehensible" behavior. In *Stokes v. Stokes,* 751 P.2d 1363, 1366 (Alaska 1988), we wrote:

> The UCCJA does not define "wrongful" or "reprehensible," nor can we find any reported cases that have done so. However, the commentary to section 8 of the Act provides some guidance:
>
>> "Wrongfully" taking under this subsection does not mean that a "right" has been violated—both husband and wife as a rule have a right to custody until a court determination is made—but that one party's conduct is so objectionable that a court in the exercise of its inherent equity powers cannot in good conscience permit that party access to its jurisdiction.
>
> UCCJA § 8 commissioners' note, 9 U.L.A. 143 (Master ed.1979).
>
>> If the petitioner for an initial decree has wrongfully taken the child from another state or had engaged in similar reprehensible conduct, the court may not exercise its jurisdiction unless it is necessary in an emergency to protect the child and the court has jurisdiction....

---

**3.** Subsequent to the superior court's award of attorney's fees in this case Civil Rule 82(c) was amended to read: "A motion is required for an award of attorney's fees under this rule or pursuant to contract, statute, regulation or law."

**4.** See note 2 *supra.*

**5.** AS 25.30.070(a) reads in relevant part:

We conclude that for conduct to be wrongful or similarly reprehensible, it is not necessary that a child be taken in violation of an outstanding order or decree, nor is it a defense that no order or decree has been entered. It is sufficient when the conduct is "so objectionable that a court ... cannot in good conscience permit the party access to its jurisdiction." *Id. See Williams v. Zacher*, 35 Or.App. 129, 581 P.2d 91, 94 (1978).

We hold that this same standard applies to the instant case.

Thus the question is whether under this standard the superior court's findings are sufficient to support an award of attorney's fees under AS 25.30.070(c). The superior court found that Jones "wrongfully withheld/retained the children after a visitation." We hold that this finding is sufficient to support the superior court's award of attorney's fees.[6]

## V. CONCLUSION

The superior court's award of attorney's fees is AFFIRMED.

---

**6.** In *Kimmons,* we said that an award of attorney's fees will be available to one party only when the other party has engaged in conduct that was "reprehensible from the time that [the party] commenced the Alaska proceedings." *Kimmons,* 667 P.2d at 1251. Jones argues that "at the time he filed his petition asking the Alaska courts to assume jurisdiction he lawfully had the children in his possession...." His argument overlooks that portion of *Kimmons* where we stated, "[i]f the court finds that commencement *or maintenance by Kimmons* of her suit constituted 'reprehensible conduct,' an award of full attorney's fees from that point forward would be permissible under the statute." *Id.* (emphasis added).