Karen L. LEIGHTON, Appellant,

v.

Ronald LEIGHTON, Appellee.

No. 3941.

Supreme Court of Alaska.

April 27, 1979.

E. Budd Simpson of Birch, Horton, Bittner & Monroe, Juneau, for appellant.

A. Fred Miller, Ketchikan, for appellee.

OPINION

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER and MATTHEWS, JJ.

PER CURIAM.

This marks the second occasion that this child custody dispute has been before this court. Subsequent to the issuance of our first opinion, *Leighton v. Leighton*, 563 P.2d 882 (Alaska 1977), the superior court ordered that permanent custody of the parties' minor children [1] be changed from their mother, Karen Leighton Everitt, residing in Oregon, to their father, Ronald Leighton, a resident of Ketchikan, Alaska. This custody order, entered August 15, 1977, resulted from Karen's alleged frustration of Ronald's visitation rights pertaining to the summer of 1977, and also from her filing of a proceeding in the courts of Oregon, which, if granted, would have significantly restricted Ronald's access to the children. Karen neither contested nor appealed the superior court's grant of Ronald's motion because of financial problems in retaining Alaska counsel,[2] and because she believed that the Alaska court was without jurisdiction in light of her then pending Oregon motion. In January 1978, the Oregon court having declined jurisdiction over her attempt to restrict Ronald's access to the chil-

---

1. The minor children are now eight and ten years old, respectively.

2. Karen's prior Alaska counsel had withdrawn with her consent shortly before Ronald's motion for a change of custody was filed, because of the amount of arrearages due him.

dren, Karen retained new counsel and filed a motion in the Superior Court in Ketchikan to have permanent custody of the children changed back to her. On February 8, 1978, the superior court denied her motion without holding a hearing. Karen has now appealed from the denial of her motion.

Karen has raised three major points in this appeal: namely, the superior court erred in not granting her a hearing on her motion, the superior court's refusal to return custody to her was an abuse of discretion, and the August 15, 1977, order giving Ronald custody, though not timely appealed, should be reviewed by this court and reversed as improperly "punitive." On the basis of the foregoing specifications of error, Karen requests that we reverse the superior court's order of February 8, 1978, "thereby placing permanent custody of the parties' children with the mother, subject to reasonable and specifically delineated rights of visitation in the father." Alternatively, Karen asks that the matter be remanded "for further factual determination consistent with due process, fundamental fairness, and most importantly the best interests of the children."

■ We have concluded that the alternative relief requested by appellant is warranted in light of the particular factual context of this litigation. Our conclusion is based upon the following considerations. As mentioned previously, Karen filed her Oregon suit in July of 1977. She had been a resident of Oregon since the 1971 divorce,

and the two children had been residing in Oregon for one year prior to the filing of the Oregon suit. Under the Uniform Child Custody Jurisdiction Act, which has been adopted by both Alaska and Oregon, jurisdiction would properly be either in Oregon, the home state of the children,[3] or in Alaska.[4] Of particular significance are the provisions of AS 25.30.050(a) which read:

The superior court may not exercise its jurisdiction under this chapter if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this chapter, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.

On the basis of the above-quoted statutory provisions, it appears that the superior court was not authorized to exercise jurisdiction to enter the August 15, 1977, order in which it provided that permanent custody of the children be changed from appellant Karen to appellee Ronald Leighton. The record discloses that the superior court was aware of the pending Oregon suit since it was referred to in support of Ronald's superior court modification proceeding,[5] and because Karen's Oregon counsel wrote the superior court for the purpose of informing it of the pending Oregon action.[6] Despite Karen's failure to respond to Ronald's motion for change of custody, the provisions of

3. Or.Rev.Stat. § 109.730(1)(a) reads:

Jurisdiction over child custody determination. (1) A Court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state is the home state of the child at the time of commencement of the proceeding . . . .

4. AS 25.30.020(a) reads, in part:

The superior court has jurisdiction to make a child custody determination by initial or modification decree if . . . (1) this state (A) is the home state of the child at the time of commencement of the proceeding . . .

The word "proceeding" in this statute clearly encompasses both the original divorce proceed-

ing and any subsequent change-of-custody motions. See 1977 House Journal 277 where Governor Hammond, in transmitting the Uniform Act to the House, speaks of its "jurisdictional preference to a prior court for modification of its custody decree." See also Commissioner's Note to § 14 of the Uniform Child Custody Jurisdiction Act (U.L.A.) (1973): "Courts which render a custody decree normally retain continuing jurisdiction to modify the decree under local law."

5. Included in Karen's motion was a detailed discussion of the conflict between the two jurisdictions.

6. This letter was dated August 10, 1977, so presumably the superior court received it before making its August 15 ruling.

AS 25.30.050(a) are jurisdictional, so that her failure to oppose the motion did not result in waiver of the jurisdictional defect.[7]

■ In addition to the jurisdictional defect inherent in the August 1977 superior court proceeding, we think it of further significance that the superior court denied Karen's January 1978 modification motion without conducting an evidentiary hearing, although one was requested. Given the jurisdictional flaw underlying the superior court's August 1977 order and its subsequent denial of a hearing to Karen on her motion for change of custody, we have concluded that the matter should be remanded to the superior court for the purpose of conducting a hearing to determine custody and visitation rights.[8]

Remanded for further proceedings.

BURKE, J., not participating.

7. Even if the superior court has assumed that primary jurisdiction was vested in Alaska, because it was the state of initial jurisdiction and Ronald still lived here, AS 25.30.050(a) still precluded Alaska from assuming jurisdiction until the Oregon court declined jurisdiction. *See* Commissioner's Note to § 6 of the Uniform Child Custody Jurisdiction Act (U.L.A.) (1973): "When the courts of more than one state have jurisdiction under section 3 or 14, priority in time determines which court will proceed with the action . . . ."

8. Although the jurisdictional underpinnings of the superior court's August 1977 order have been voided, it can be persuasively argued that in February 1978 when the superior court denied Karen's motion for change of custody, it did have jurisdiction since the Oregon court in October 1977 had declined to exercise jurisdiction over Karen's modification proceeding.

Given the foregoing and the fact that the children have been in Ronald's custody in Alaska since October 1977, we deem it appropriate that the children remain in Ronald's custody pending resolution of the custody issues.

Further, upon remand of the case to the superior court, we think the determination should be based on Ronald's July 1977 motion for change of permanent custody from Karen. Since the superior court lacked jurisdiction to *modify the earlier award of custody to Karen* at that time, and no subsequent hearing was held prior to the judge's February 1978 affirmance of his order, we think the burden is properly on Ronald to show that permanent custody should be changed form Karen to him. The court's determination, however, should be based on the best interests of the children at the time that that determination is made.