Thomas J. REXFORD, Appellant,

v.

Sandra H. REXFORD, Appellee.

No. 4860.

Supreme Court of Alaska.

Dec. 26, 1980.

Charles K. Cranston, Cranston, Walters, Dahl & Jarrell, Anchorage, for appellant.

Wilson A. Rice, Anchorage, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ. and DIMOND, Senior Justice.

## OPINION

DIMOND, Senior Justice.

Thomas and Sandra Rexford were married in Alaska about ten years ago, in 1969. Their two children, ages nine and seven, were born of this marriage. The family lived in Alaska at all times before this controversy arose. In November, 1978, Sandra left the family home in Anchorage, taking the children without Thomas's consent, and went to Los Angeles where they began to reside with Sandra's mother. After being in California for about eight days, on November 29, 1978, Sandra filed a petition in the Los Angeles Superior Court for legal separation from her husband and for legal custody of the children.

Through counsel, Thomas made an appearance before the court to oppose Sandra's action to have custody of the children awarded to her. The court awarded temporary custody to Sandra, and ordered an investigation by the California probation department to assist in determining which parent should have permanent custody.[1] Following this action, Thomas filed a suit for divorce and custody of the children in the superior court in Alaska. That court ordered a stay of the proceedings relative to custody because of the pending custody proceedings in California. From this order Thomas Rexford has appealed.

This case involves the Uniform Child Custody Jurisdiction Act[2] ("Act") which the Alaska legislature adopted in 1977,[3] and which also has been adopted by California.[4] The purposes of the Act are stated in section 1 (AS 25.30.010).[5]

---

1. The probation report is part of the record. It recommends that the mother receive custody of the children and that a supplemental investigation be made in six months. The father cooperated in the preparation of this report.

2. Uniform Child Custody Jurisdiction Act, 9 Uniform Laws Annot. (U.L.A.) 111 (1973).

3. Ch. 61, SLA 1977.

4. Cal.Civ.Code §§ 5150–5174 (Deering Supp. 1980).

5. AS 25.30.010 provides:
   *Purpose.* The general purposes of this chapter are to:
   (1) avoid jurisdictional competition and conflict with courts of other states in matters of child custody which have in the past resulted in the shifting of children from state to state with harmful effects on their well-being;
   (2) promote cooperation with the courts of other states to the end that a custody decree is rendered in that state which can best decide the case in the interest of the child;
   (3) assure that litigation concerning the custody of a child takes place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state;
   (4) discourage continuing controversies over child custody in the interest of greater stability of home environment and of secure family relationships for the child;
   (5) deter abductions and other unilateral removals of children undertaken to obtain custody awards;
   (6) avoid re-litigation of custody decisions of other states in this state insofar as feasible;
   (7) facilitate the enforcement of custody decrees of other states;
   (8) promote and expand the exchange of information and other forms of mutual assistance between the courts of this state and those of other states concerned with the same child; and
   (9) make uniform the law of those states which enact it.

To promote the purposes of the Act, section 6 (AS 25.30.050) provides in part, that a court of the adopting state may not exercise its jurisdiction if a custody proceeding is pending in a court of another state that is exercising its jurisdiction in substantial conformity with the Act.[6] In this case, the Alaska court determined that Thomas was participating in a custody action pending in California at the time he filed the Alaska suit and therefore stayed the Alaska action on the basis of AS 25.30.050.

■ The problem here is whether the California court exercised its jurisdiction in this custody dispute substantially in conformity with the Act. Section 3 of the Act sets forth the limited circumstances under which a court has subject matter jurisdiction to make a child custody determination. It provides as follows:

(a) A court of this State which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) this State (i) is the home state of the child at the time of commencement of the proceedings, or (ii) had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this State because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this State; or

(2) it is in the best interest of the child that a court of this State assume jurisdiction because (i) the child and his parents, or the child and at least one contestant,

have a significant connection with this State, and (ii) there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

(3) the child is physically present in this State and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected [or dependent]; or

(4)(i) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this State is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.

(b) Except under paragraphs (3) and (4) of subsection (a), physical presence in this State of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this State to make a child custody determination.

(c) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.

The relevant California statute, Civil Code section 5152, is virtually identical, while the Alaska statute, AS 25.30.020, omits the "significant connection" basis described in subsection 2. Alaska clearly has jurisdiction under the "home state" basis described in

---

**6.** AS 25.30.050 provides in part:

*Simultaneous proceedings in other states.* (a) The superior court may not exercise its jurisdiction under this chapter if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this chapter, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.
. . . .

(c) If the court is informed during the course of the proceeding that a proceeding concerning the custody of the child was

pending in another state before the court assumed jurisdiction, it shall stay the proceeding and communicate with the court in which the other proceeding is pending so that the issue may be litigated in the more appropriate forum and information may be exchanged in accordance with §§ 180–210 of this chapter. If a court of this state has made a custody decree before being informed that a proceeding was commenced in another state after it assumed jurisdiction, it shall likewise inform the other court to the end that the issues may be litigated in the more appropriate forum.

subsection 1 (AS 25.30.020(a)(1)) because Alaska had been the children's home state within six months before commencement of the California proceeding and the children are absent from this state because of their removal by Sandra, who is claiming custody. The record does not disclose upon which basis the California court assumed jurisdiction. It appears, however, that it must have been upon the "significant connection" basis of subsection 2.[7] Thomas argues that the California court did not have jurisdiction under this or any of the sections and hence the Alaska court's order staying the proceedings was improper because, for purposes of the simultaneous proceedings section,[8] California did not exercise jurisdiction substantially in conformity with the Act.

Under circumstances very similar to this case, California ruled in its decision in *In re Marriage of Ben-Yehoshua,* 91 Cal.App.3d 259, 154 Cal.Rptr. 80 (1979), that the superior court did not have jurisdiction. In that case the parties had lived in Israel for thirteen years when the mother visited in California with the children. Fourteen days after her arrival she filed an action for separation and custody of the children. The husband came to California, accepted service of process and retained counsel to represent him in the case. He appeared personally at the order to show cause hearing and entered into a stipulation with his wife that she have temporary custody over the children. The husband cooperated in the preparation of a probation report.

Upon appeal by the husband from the interlocutory decree that, in part, awarded custody to the wife, the court of appeal held that the superior court had not had jurisdiction under Civil Code section 5152(1)(b) to pass upon the custody issue. The appellate court found it "readily apparent that the children in this case did not have the requi-

site significant relationship to this state and that Israel was the state having the maximum contacts." 154 Cal.Rptr. at 84. The court quoted from the Commissioners' Note to section 3 of the Act, 9 U.L.A. 124, "Short-term presence in the state is not enough [to establish subject matter jurisdiction] even though there may be an intent to stay longer, perhaps an intent to establish a technical 'domicile' for divorce or other purposes." *Id.,* 154 Cal.Rptr. at 84 n.3.

The only difference between the facts of *Ben-Yehoshua* and this case is that in this case the children remained with Sandra in California, while the children in *Ben-Yehoshua* returned to Israel with the husband. This distinction cannot be considered significant for two reasons. First, a major purpose of the Act is to "deter abductions and other unilateral removals of children undertaken to obtain custody awards."[9] To give any consideration to the fact that the children have been with Sandra in California since November 21, 1978, would be contrary to this purpose. Second, subject matter jurisdiction either exists or does not exist at the time when the petition is filed with the court. *In re Sagan,* 261 Pa.Super. 384, 396 A.2d 450 (1978). Facts developing after that, such as the length of time the children have now been in California, cannot be considered when determining whether the court initially had jurisdiction to hear the action.

It should be noted that Thomas's appearance in the California proceeding and his cooperation with the state's Child Custody Investigator in the preparation of a probation report did not waive or confer jurisdiction upon the court. *In re Marriage of Ben-Yehoshua,* 91 Cal.App.3d 259, 154 Cal. Rptr. 80, 83 (1979); *Sampsell v. Superior Court,* 32 Cal.2d 763, 197 P.2d 739, 746 (1948) (disapproved on other grounds in *Robinson v. Superior Court,* 35 Cal.2d 379,

---

**7.** California Civil Code § 5152(1)(b). It could not have been upon the "home state" basis because California was the state where the children lived for only eight days, and not the required six months, before Sandra filed her petition. The other grounds are clearly inapplicable.

**8.** *See* note 6 *supra.*

**9.** AS 25.30.010(5), set forth in note 5 *supra.*

218 P.2d 10 (Cal.1950)); *see* Commissioners' Note to section 3 of the Act, 9 U.L.A. 123, 124 (1973).

■ Thus, we conclude that the Los Angeles Superior Court did not have jurisdiction to determine this custody proceeding. However, we hold that the Alaska Superior Court did not abuse its discretion in deferring to California in this case and staying the Alaska proceedings. The Commissioners' Note to section 6 of the Act, 9 U.L.A. 135, provides:

> While jurisdiction need not be yielded under subsection (a) [AS 25.30.050 in this state] if the other court would not have jurisdiction under the criteria of this Act, the policy against simultaneous custody proceedings is so strong that it might in a particular situation be appropriate to leave the case to the other court even under such circumstances.

Given the strength of the policy reasons,[10] this seems to be one of the "particular situations" when it is more appropriate to leave the case to California. The factor weighing most heavily is not the lapse of time that has occurred since Sandra removed the children to California, but the extensive investigation that California has conducted into the abilities of both parents to care for the children. The probation report, prepared by the Child Custody Investigator, is thirty-five pages long. It is based upon interviews with Sandra, Thomas, and the children, and reports completed by witnesses for both spouses as well as statements submitted by the physicians of both parties. Thomas has the opportunity under provisions of the Act adopted both in California and Alaska to transmit to California any and all information gathered by the Child Custody Investigator in this state.[11] A major purpose of the Act is to ensure that the state making the custody determination has significant evidence concerning the child's care, protection, training, and personal relationships.[12] California either has in its possession or has available to it the fullest amount of information possible to make a fair and just determination of the custody issue. It would subject the parties to needless expense and the possibility of being held in contempt by one court for complying with an order of the other court to permit Alaska to continue its proceedings. Under these circumstances, it is less important which court exercises jurisdiction than that an informed decision is made which provides the stability of home environment and secure family relationships needed by the children.

■ While the superior court was authorized by AS 25.30.050(c) to stay its proceeding, in view of the pending action in California, the statute indicates that the court should have "communicate[d] with the court in which the other proceeding is pending so that the issue may be litigated in the more appropriate forum and information may be exchanged in accordance with §§ 180–210 of this chapter."[13] In the event a final decree has not yet been entered in the California proceeding, we remand the case to the superior court for it to communicate with the California court pursuant to this statute. If a final decree has already been entered in California, then the stay on the proceeding in this state should be continued, pending the outcome of any appeal that Thomas might take in California on the issue of jurisdiction. Should a Califor-

---

10. *See* note 5 *supra*, which lists the purposes of the Act.

11. Section 18 of the Act (AS 25.30.170; Cal. Civ.Code § 5167) permits the taking of testimony in another state; § 19 (AS 25.30.180; Cal. Civ.Code § 5168) permits the court of one state to request that the court of another state forward its evidence and any social studies prepared for it.

12. *See* AS 25.30.010(3), set forth in note 5 *supra*. *See also* AS 25.30.060(c)(3), which provides that a court may decline jurisdiction on grounds of forum non conveniens "if better evidence concerning the child's present or future care, protection, training, and personal relationships is available in another state, or if equally substantial evidence is more readily available in another state."

13. *See* note 6 *supra; see Vanneck v. Vanneck,* 49 N.Y.2d 602, 427 N.Y.S.2d 735, 404 N.E.2d 1278 (1980).

nia appellate court conclude that the superior court in California did not have jurisdiction to hear the matter, Thomas's petition in this state may be renewed.

The case is REMANDED for further proceedings consistent with this opinion.

BOOCHEVER, J., not participating.