**Colin LAYNE, Appellant,**

v.

**Ann V. NILES, Appellee.**

**No. 5887.**

Supreme Court of Alaska.

Aug. 14, 1981.

George E. Weiss, Anchorage, for appellant.

Ann V. Niles, in pro. per.

Before RABINOWITZ, C. J., and CONNOR, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

BURKE, Justice.

Colin Layne and Ann V. Niles, husband and wife, petitioned the superior court for dissolution of their marriage, pursuant to AS 09.55.231(a). The superior court, on its own motion, dismissed the petition, stating:

> This matter is dismissed becar·e the court does not have jurisdiction over the children of the marriage and is therefore unable to grant a Decree of Dissolution of Marriage under AS 9.55.234(a).

Colin Layne appeals from the order of dismissal.[1] We affirm.

Layne and Niles were married on June 24, 1972, in the State of New York. There are two minor children of the marriage: Gerald, age eight, and Patrick, age five. The children reside with their mother in Cleveland, Ohio. Layne, a member of the United States Army, has been a resident of Alaska for two years. The children have visited their father in Alaska, but have had no other contacts with the state. Their last visit occurred in the summer of 1979.

In their petition, the parents agreed that custody of the children should be awarded to the mother. They further agreed that Layne should have rights of reasonable visitation, including temporary custody of the children during summer vacations. Layne agreed to pay $100.00 per month per child for the support of the children, plus a $200.00 clothing allowance for each school year.

The petition, filed December 22, 1980, was heard by the superior court's standing master on February 9, 1981. Layne appeared and was questioned by the master. Niles did not attend, having previously appeared and waived notice of the time and place of hearing.[2]

At the conclusion of the hearing, the master stated:

> Under Alaska law, the court must have jurisdiction over the children in order to be able to make a decision in this case. That means the children must have lived here for at least six continuous months and within six months of the filing of this petition on December 22, 1980. Since the children have not lived here for at least six continuous months . . . of December 22, we cannot do anything concerning child custody. That means we cannot do anything in this case, because in these dissolutions the court has to make a decision as to custody, support and ending the marriage, or nothing. Therefore, this petition will have to be dismissed because

we don't have child custody jurisdiction. . . . That means Ohio, wherever the . . . children are living, is the place where you have to file for dissolution or a divorce. We can't do anything here in this dissolution, under Alaska law, because the children are not here in Alaska, or have not been here for quite a time.

Accordingly, the master recommended entry of an order of dismissal, which was signed by the Honorable Ralph E. Moody, Presiding Judge, on February 10, 1981. This appeal followed.

When, as in the case at bar, a petition is brought pursuant to AS 09.55.231(a), the court may grant a decree of dissolution only "if the court, upon consideration of the information contained in the petition and the testimony of the spouse or spouses," makes certain findings. AS 09.55.234(a) and (d). One required finding is that "the agreements between the spouses concerning child custody, child support, visitation, spousal support and tax consequences, if any, division of property, and allocation of obligations are not grossly unfair, unjust, or inequitable and are in the best interests of the children of the marriage . . . ." AS 09.55.234(a)(2). Moreover, the court must "fully and specifically set out in the decree the agreements of the spouses relating to child custody, child support, visitation, [and] spousal support, . . . ; *and the court shall order the performance of those agreements.*" AS 09.55.234(e) (emphasis added). Thus, it appears that, where there are minor children, a petition for dissolution of marriage necessarily involves the issue of custody and a "child custody determination" within the meaning of Alaska's Uniform Child Custody Jurisdiction Act. AS 25.30.010–.910. As used in the Act, a " 'custody determination' means a court decision and court orders providing for the custody of a child, including visitation rights . . . ." AS 25.30.900(2). The term " 'custody proceeding' includes proceedings in which a

---

1. We consider the order of dismissal a final judgment for purposes of Appellate Rule 202(a).

2. Niles has filed an "appearance and waiver" in this appeal as well.

custody determination is one of several issues, such as an action for divorce, dissolution of marriage, or legal separation . . . ." AS 25.30.900(3).

AS 25.30.020(a) provides:

(a) The superior court has jurisdiction to make a child custody determination by initial or modification decree if the conditions set out in any of the following paragraphs are met:

(1) this state (A) is the home state of the child at the time of commencement of the proceeding, or (B) had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or

(2) the child is physically present in this state and is a child in need of aid as defined in AS 47.10.290; or

(3) it (A) appears that no other state would have jurisdiction under prerequisites substantially in accordance with (1) or (2) of this subsection, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (B) is in the best interest of the child that this court assume jurisdiction.

Since none of these conditions were met in the case at bar, the superior court had no jurisdiction to make the "child custody determination" that is a prerequisite to the

entry of a decree of dissolution under AS 09.55.234(a).[3] Accordingly, the court was required to dismiss the petition on the ground stated.[4]

This holding, however, does not mean that Layne is without a remedy.[5] Most of the relief that he seeks is available to him in an action for *divorce* filed pursuant to AS 09.55.070–.230.[6] The error that he made was in filing an action for *dissolution* of the marriage, an alternative form of action governed by the provisions of AS 09.55.231–.237.[7]

AFFIRMED.

---

**3.** The Constitution of Alaska provides that the jurisdiction of the superior court "shall be prescribed by law." Alaska Const. art. IV, § 1. The terms "by law" and "by the legislature" are interchangeable. *Id.*, art. XII, § 11. Thus, the legislature's power to limit the court's jurisdiction in this instance is clear.

**4.** We summarily reject appellant's arguments that the trial court's action amounted to an abuse of discretion and violated his rights to due process and equal protection of the law, or the privilege and immunities clause of the state and federal constitutions.

**5.** AS 09.55.237 provides: "No spouse may be precluded from filing an action for divorce un-

der AS 09.55.070–09.55.230 upon dismissal or denial of a petition filed under AS 09.55.231–09.55.237."

**6.** In an action for divorce, the court would still lack jurisdiction to make a custody determination. The court could, however, terminate the marriage and grant other relief. AS 09.55.205.

**7.** We see no reason why this error could not be corrected by a simple motion for leave to file an amended complaint. *See* Rule 15(a), Alaska R. Civ. P. Since not otherwise specified in the court's order, the dismissal was without prejudice. See note 5, *supra*, and Rule 41(a)(2), Alaska R. Civ. P.