Clyde G. WALLER, Appellant,

v.

Vicki C. (Waller)
RICHARDSON, Appellee.

No. S–2281.

Supreme Court of Alaska.

June 17, 1988.

---

Edward R. Niewohner, Fairbanks, for appellant.

Fleur Roberts, Law Offices of Dick L. Madson, Fairbanks, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

MOORE, Justice.

This appeal raises the question whether the superior court erred by dismissing a petition to modify a custody decree under the Uniform Child Custody Jurisdiction Act (UCCJA) on the grounds that (1) Alaska is an inconvenient forum, AS 25.30.060, and (2) the father acted reprehensibly, AS 25.-30.070.

## I.  FACTS AND PROCEEDINGS

This case concerns the custody of Brandi Amelia Waller, the oldest of two children born to Clyde and Vicki (Waller) Richardson. A 1981 Washington decree granted the couple joint custody. Both parents moved to Alaska in 1981, and in 1983 the Juneau superior court modified the decree and gave Vicki custody of both children. Clyde was granted six weeks of visitation rights during the summer and Christmas vacation.

Vicki and the children moved between Arizona and Colorado several times. The length of their stay in any one location, the number of times the children changed schools and the location of their residence after 1983 is disputed.

In October of 1986, by mutual agreement, the children were removed from school in Colorado and sent to live with Clyde in North Pole, Alaska until the end of the school year on May 28, 1987. Two weeks prior to the agreed return date, Vicki, fearing the children would not be returned, came to Fairbanks and attempted to take custody of the children. Clyde obtained a temporary restraining order and temporary custody to allow the children to complete the school year. On the same day, Clyde filed this petition asking the court to modify the 1983 Alaska custody order and give him custody of Brandi so that she could attend high school in North Pole until her graduation. By this time the children had resided with their father for approximately seven and one-half months.

Judge Blair found that the Alaska courts had home state jurisdiction under AS 25.-30.020. However, the court, on its own motion and without an evidentiary hearing, declined to exercise jurisdiction on the ground that Alaska is an inconvenient forum. Judge Blair later amended the original order of dismissal and declined jurisdiction under AS 25.30.070(b), finding Clyde had improperly retained custody of the children. Although requested to do so by counsel for Clyde, the court made no find-

ing as to which state would be a convenient forum to determine the custody issue.

Clyde appeals. For the reasons set forth below, we reverse and remand for further proceedings.

## II. INCONVENIENT FORUM

Clyde argues that the superior court abused its discretion in declining jurisdiction on the grounds of inconvenient forum because (1) it failed to consider the statutory factors, and (2) it failed to designate an appropriate alternative forum.

### A. Statutory factors

When a superior court is asked to modify a custody decree, the jurisdictional prerequisites of AS 25.30.020 apply.[1] *Szmyd v. Szmyd*, 641 P.2d 14, 17 (Alaska 1982). In the present case, Alaska has home state jurisdiction under AS 25.30.020(a)(1) because Brandi lived with her father in Alaska for seven and one half months immediately prior to the commencement of the proceedings. Moreover, "[c]ourts which render a custody decree normally retain continuing jurisdiction to modify the decree." *Leighton v. Leighton*, 596 P.2d 8, 9 n. 4 (Alaska 1979).

The superior court has discretion to decline jurisdiction by its own motion if it finds Alaska to be an inconvenient forum.[2] *Szmyd*, 641 P.2d at 18; AS 25.30.060.[3] To determine whether Alaska is an inconvenient forum, the court must consider whether it is in the best interests of the child for another state to exercise jurisdiction. AS 25.30.060(c). For this purpose, the court may take into account the following factors, among others:

(1) if another state is or recently was the child's home state;

(2) if another state has a closer connection with the child and the child's family or with the child and one or more of the contestants;

(3) if better evidence concerning the child's present or future care, protection, training, and personal relationships is available in another state, or if equally substantial evidence is more readily available in another state;

(4) if the parties have agreed on another forum which is no less appropriate; and

(5) if the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in AS 25.30.010.

AS 25.30.060(c).

■ It is error for a court to deny an inconvenient forum motion under AS 25.30.060 without articulating its reasoning. *Szmyd*, 641 P.2d at 19. Also, we have stated that an "[a]buse of discretion can be established by showing that the court considered improper factors in making its determination, that it failed to consider statutorily-mandated factors, or that too much weight was assigned to some factors." *Deivert v. Oseira*, 628 P.2d 575, 577 (Alaska 1981).

The trial court did not articulate its reasons for concluding that it was in Brandi's best interest to determine the custody issue elsewhere. This was an abuse of discretion.

---

1. AS 25.30.020 provides in part:
   (a) The superior court has jurisdiction to make a child custody determination by initial or modification decree if the conditions set out in any of the following paragraphs are met:
   (1) this state (A) is the home state of the child at the time of commencement of the proceeding....
   AS 25.30.900 defines home state:
   (5) "home state" means the state in which the child, immediately preceding the time involved, lived with the child's parents, a parent, or a person acting as parent, for at least six consecutive months....

2. We have previously noted that "[t]he trial judge is given broad discretion in awarding child custody and the trial court's resolution of custody issues will be disturbed only if this court is convinced that the record shows an abuse of discretion or that controlling findings of fact are clearly erroneous." *Sanguinetti v. Sanguinetti*, 628 P.2d 913, 916 n. 3 (Alaska 1981) (citations omitted).

3. AS 25.30.060 states in part:
   Inconvenient forum. (a) The superior court may decline to exercise its jurisdiction any time before issuing a decree if it finds that it is an inconvenient forum....
   (b) A finding of inconvenient forum may be made upon the court's own motion....

■ Additionally, it appears the trial court based its decision largely on its conclusion that the evidence concerning the changed circumstances of the custodial parent was not available in Alaska. However, that consideration is not one of the factors identified in AS 25.30.060(c). We find the trial court gave too much weight to the location of evidence of the other parent's circumstances, in view of the facts that Brandi was thirteen years old, had been living in Alaska with her father, the non-custodial parent, for over seven months just prior to commencement of the proceedings and had expressed a desire to have custody changed. Assigning too much weight to this factor was an abuse of discretion.

### B. Appropriate forum

■ The superior court refused to designate an alternative forum to hear Clyde's petition to modify the custody decree. Clyde argues that the superior court must designate an alternative forum when the court sua sponte declines jurisdiction on the ground of inconvenient forum.[4]

The superior court may decline jurisdiction if it is an inconvenient forum and the court of another state is a more appropriate forum. AS 25.30.060(e). The court may communicate with the court of another state before declining jurisdiction to assure a forum will be available to the parties. AS 25.30.060(d)-(e).[5]

The trial court concluded that subsections (d) and (e) do not require the court to designate an appropriate forum. The court found that Colorado, Arizona or both had a closer connection with the child and the custodial parent.

■ The UCCJA is intended to facilitate cooperation between jurisdictions so the appropriate forum decides custody issues.[6] *Cf. Rexford v. Rexford,* 631 P.2d 475, 479 (Alaska 1980) (proper to stay proceedings and communicate with California court). We conclude that when a court declines to exercise its jurisdiction by its own motion, it must designate a specific

4. In matters of statutory interpretation, we will apply our own independent judgment. *Kjarstad v. State,* 703 P.2d 1167, 1170 (Alaska 1985).

5. AS 25.30.060(d) and (e) read as follows:
(d) Before determining whether to decline or retain jurisdiction the court may communicate with a court of another state and exchange information pertinent to the assumption of jurisdiction by either court with a view to assuring that jurisdiction will be exercised by the more appropriate court and that a forum will be available to the parties.
(e) If the court finds that it is an inconvenient forum and that a court of another state is a more appropriate forum, it may dismiss the proceedings, or it may stay the proceedings upon condition that a custody proceeding be promptly commenced in another named state or upon any other conditions which may be just and proper, including the condition that a moving party stipulate consent and submission to the jurisdiction of the other forum.

6. The purposes of the UCCJA are stated in AS 25.30.010:
Purpose. The general purposes of this chapter are to
(1) avoid jurisdictional competition and conflict with courts of other states in matters of child custody which have in the past resulted in the shifting of children from state to state with harmful effects on their well-being;
(2) promote cooperation with the courts of other states to the end that a custody decree is rendered in the state which can best decide the case in the interest of the child;
(3) assure that litigation concerning the custody of a child takes place ordinarily in the state with which the child and the child's family have the closest connection and where significant evidence concerning the child's care, protection, training, and personal relationships is most readily available, and that courts of this state decline the exercise of jurisdiction when the child and the child's family have a closer connection with another state;
(4) discourage continuing controversies over child custody in the interest of greater stability of home environment and of secure family relationships for the child;
(5) deter abductions and other unilateral removals of children undertaken to obtain custody awards;
(6) avoid re-litigation of custody decisions of other states in this state insofar as feasible;
(7) facilitate the enforcement of custody decrees of other states;
(8) promote and expand the exchange of information and other forms of mutual assistance between the courts of this state and those of other states concerned with the same child; and
(9) make uniform the law of those states which enact it.

state which will assume jurisdiction. This is necessary so that the trial court will not dismiss a case when there is no court of another state available which is more convenient and able to assert jurisdiction. The trial court abused its discretion in failing to designate an alternative forum.[7] This is especially true since it is not clear from the record whether another state could have exercised jurisdiction in accordance with the UCCJA, given the conflicting evidence concerning Vicki's residency.

### III. REPREHENSIBLE CONDUCT

 Clyde contends that the superior court abused its discretion because (1) AS 25.30.070 does not apply when an Alaska court is asked to modify a custody decree issued in Alaska, and (2) his conduct was not reprehensible.

Alaska Statute 25.30.070 allows a court to decline to exercise jurisdiction when the moving party has engaged in conduct that the court finds wrongful or reprehensible. Section (a) applies to original determinations of custody and therefore does not apply in this case. Section (b) governs modifications, and provides in part:

> (b) If the petitioner for a modification decree has, without the consent of the person entitled to custody, improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody, the court may not exercise its jurisdiction to modify a custody decree of *another* state unless it is necessary in an emergency to protect the child and the court has jurisdiction under AS 25.30.020(a)(2). If the petitioner has violated any other provision of a custody decree of *another* state, the court may decline to exercise its jurisdiction if this is just and proper under the circumstances.

(Emphasis added.)

This section applies only when an Alaska court is asked to modify a foreign custody decree. The custody decree in this case was issued by an Alaska court. Because the statute does not apply to this case, we need not determine whether the father acted reprehensibly.

The superior court is directed either to exercise jurisdiction in this case or to designate an alternative forum which will assume jurisdiction. If the court does the latter, it should support its decision with appropriate findings.

REVERSED and REMANDED for further proceedings.

---

litigate the matter, and the court did not do so.