Shirley R. BAUMGARTNER, Petitioner,

v.

Richard J. BAUMGARTNER, Respondent.

No. S–3051.

Supreme Court of Alaska.

March 2, 1990.

---

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

PER CURIAM.

### I. INTRODUCTION

This petition raises the question of whether an Alaska Superior Court, which renders the original marriage dissolution decree, retains jurisdiction to modify child custody when the non-custodial parent continues to reside in the state, but the custodial parent and children have lived outside the state for the past four years. More specifically, the issue is whether the court's jurisdiction is limited by the terms of AS 25.30.020, the jurisdictional section of Alaska's version of the Uniform Child Custody Jurisdiction Act, AS 25.30.010–910 ("UCCJA").[1]

### II. FACTS AND PROCEEDINGS

The facts of this case are undisputed. Richard and Shirley Baumgartner were divorced in Alaska on March 22, 1984. Under their settlement agreement, the court awarded custody of the two children to Shirley, and she moved to Arizona with the children. Richard has had regular visitation each summer. At the conclusion of his summer visitation in 1988, Richard filed a motion in the superior court in Fairbanks seeking to modify child custody.

Shirley moved to dismiss the case for lack of jurisdiction, or alternatively, for a

Bonnie J. Coghlan, Fairbanks, for petitioner.

Dennis E. McKelvie, Law Office of Dennis E. McKelvie, Fairbanks, for respondent.

Daniel L. Callahan, Schendel & Callahan, Fairbanks, for guardian ad litem.

1. Alaska Statute 25.30.020 provides:

    (a) The superior court has jurisdiction to make a child custody determination by initial or modification decree if the conditions set out in any of the following paragraphs are met:

    (1) this state (A) is the home state of the child at the time of commencement of the proceeding, or (B) had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of removal or retention by a person claiming custody or for other reasons, and a parent or person acting as parent continues to live in this state; or

    (2) the child is physically present in this state and is a child in need of aid as defined in AS 47.10.290; or

    (3) it (A) appears that no other state would have jurisdiction under prerequisites substantially in accordance with (1) or (2) of this subsection, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (B) is in the best interest of the child that this court assume jurisdiction.

    (b) Except under (a)(2) and (3) of this section, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.

    (c) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine the child's custody.

ruling that Alaska was an inconvenient forum. The trial court denied the motion, finding that Shirley had consented to jurisdiction. In the court's view, Shirley consented by originally filing for the divorce in Alaska, entering into an agreement conferring jurisdiction, and participating in earlier custody modification motions by Richard.

Shirley filed this petition for review. We granted review on the question of the existence of the trial court's jurisdiction.

## III. DISCUSSION

■ We have already answered the question presented by this case. In *Szmyd v. Szmyd*, 641 P.2d 14 (Alaska 1982), the question before us was "whether the jurisdictional prerequisites of the [UCCJA] must be met in order for a decree-state to exercise merely *modification* jurisdiction." *Id.* at 16. After extensive discussion of authorities and the various sections of the UCCJA, we held that "the jurisdictional prerequisites of AS 25.30.020 apply when a superior court is asked to modify custody." *Id.* at 17 (footnote omitted).

■ *Szmyd*'s holding as to jurisdiction was not, as Richard contends, obiter dictum. Moreover, we have not treated it as dictum. *See, e.g., Waller v. Richardson*, 757 P.2d 1036, 1038 (Alaska 1988) (applying AS 25.30.020(a) to motion to modify custody). We explicitly reject Richard's contention, based on language in *Leighton v. Leighton*, 596 P.2d 8, 9 n. 4 (Alaska 1979), that the word "proceeding" in AS 25.30.020(a) in a modification context refers to the original divorce proceeding. Our decision in *Szmyd* disapproves of the language in *Leighton* on which Richard relies. *Szmyd*, 641 P.2d at 17. Jurisdiction to modify custody must exist at the time of the motion to modify, and cannot relate back to that of the original decree.

■ Because the statute does not provide for jurisdiction under the instant facts, we reverse the trial court's denial of Shirley's motion. Under AS 25.30.020, jurisdiction exists to modify custody if one or more of several conditions are met. In this case subsection (1)(A) is not satisfied because Alaska was not the home state of the children at the time Richard initiated his custody modification proceeding, as they were residing in Arizona with their mother. Likewise, the criteria of subsection (1)(B) are not met, since more than six months had elapsed between the commencement of the modification proceeding (July 26, 1988) and the date the children last lived in Alaska (May 1984). Nor is subsection (2) satisfied, since the children of the Baumgartner marriage were not physically present within this state at the time the modification decree was sought. Subsection (3)(A) is also not satisfied, since Arizona would have jurisdiction under prerequisites substantially in accordance with subsections (1) and (2). Under subsection (1)(A), for instance, Arizona could have exercised jurisdiction since it was the home state of the children at the time of the commencement of the proceeding. There has been no showing that Arizona declined to exercise jurisdiction, and no finding that Alaska should exercise jurisdiction in the best interests of the Baumgartner children under subsection (3)(B). Therefore, the applicable jurisdictional prerequisites for custody modification were not met in this case and the judgment of the superior court is reversed for lack of jurisdiction.

We also reject the trial court's conclusion that Shirley had the power to confer jurisdiction upon it. Even where the parents have reached an agreement concerning custody and jointly seek a court order, the court cannot enter a custody order unless the jurisdictional prerequisites of AS 25.30.020 are met. *Szmyd v. Szmyd*, 641 P.2d 14, 16 (Alaska 1982); *Layne v. Niles*, 632 P.2d 234, 236 (Alaska 1981).

The decision of the trial court is REVERSED.