IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**March 25, 2024**
C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JOSETTE F.,**
**Petitioner Below, Petitioner**

**v.) No. 23-ICA-164**         (Cir. Ct. of Monongalia Cnty. No. 22-C-289)

**JARET and JENNIFER O.,**
**Respondents Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Josette F.[1] ("Mother") appeals the Circuit Court of Monongalia County's April 13, 2023, final order that dismissed her petition to modify grandparent visitation based on improper jurisdiction pursuant to the provisions of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). Respondents Jaret and Jennifer O. ("Grandparents") filed a response in support of the circuit court's order.[2] Mother filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mother has one child ("the Child"), who was born in December 2020. Grandparents are the paternal grandparents of the Child. In March 2021, the Child was found to have multiple injuries, including, but not limited to, broken bones. An investigation commenced against Mother and the Child's father. The Child was placed in Grandparents' custody during the investigation. In August 2021, Mother was found to have committed no wrongdoing and sole custody of the Child was returned to her. Shortly thereafter, the father pleaded no contest to injuring the Child when she was four months old, and he is currently incarcerated in Pennsylvania, serving a three-to-eight-year sentence. He is prohibited from

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] Josette F. is represented by Ramsey K. Jorgensen, Esq. Jaret and Jennifer O. are represented by Alyson A. Dotson, Esq.

contacting the Child, directly or indirectly, but the record does not indicate that the father's parental rights have been terminated. In October 2021, Grandparents filed an action for grandparent visitation in the Court of Common Pleas of Mercer County, Pennsylvania, the then home of Mother and Child. The Pennsylvania court granted grandparent visitation by order entered on January 12, 2022.[3]

On January 17, 2022, Mother and Child moved from Mercer County, Pennsylvania to Morgantown, West Virginia. The Pennsylvania court held a relocation hearing and by order dated July 21, 2022, permitted Mother's relocation to Morgantown with the Child, and reiterated that Mother had sole legal custody of the Child. In its July 21, 2022, order, the Pennsylvania court amended its January 12, 2022, order, providing a new visitation schedule. Specifically, Grandparents were granted one weekend of visitation per month beginning the second Friday at 7:00 p.m. until Sunday at 5:00 p.m. Grandparents were further awarded visitation on two additional days each month to be exercised on a Monday, Tuesday, Wednesday, or Thursday from 8:00 a.m. until 7:00 p.m., or as mutually agreed upon by the parties. Mother was ordered to provide all transportation of the Child to and from Grandparents' visitation.

Upon Mother's relocation to West Virginia, the Child established care with a pediatrician in Morgantown and was enrolled in the Monongalia County Division of the West Virginia Department of Health and Human Resources' Birth-to-Three program. Additionally, Mother was accepted into West Virginia University's nursing program.

On September 25, 2022, Mother filed a petition to modify grandparent visitation in Mercer County, Pennsylvania, but withdrew her petition on November 8, 2022; the parties' briefs indicate her attorney reconsidered jurisdiction and believed that Pennsylvania was no longer the proper forum, as West Virginia was now the Child's home state pursuant to the UCCJEA.[4]

On December 5, 2022, Mother filed an emergency motion for an ex parte temporary restraining order and a petition to modify grandparent visitation in the Circuit Court of

---

[3] The record is devoid of this order, so it is not clear what visitation schedule Grandparents were initially awarded, but they state in their response brief that it was initially a monthly weekend visitation schedule.

[4] Mother's motion to withdraw the Pennsylvania petition to modify is not in the record on appeal.

Monongalia County.[5] She requested the circuit court stay the current grandparent visitation and modify grandparent visitation due to transportation issues and Birth-to-Three's concerns regarding the Child's behavior after visiting Grandparents. In support of her petition to modify, Mother alleged traveling approximately five hours roundtrip for various visitations would no longer be feasible once she began nursing school. Further, she alleged that upon returning from Grandparents' visitation, the Child often slept for two days straight, exhibited self-injurious behavior, and refused to bathe or change her clothes, which was of great concern to the Birth-to-Three therapists.

On December 7, 2022, a hearing was held before the Circuit Court of Monongalia County, wherein Mother's emergency motion was granted by order dated December 8, 2022. On December 19, 2022, Grandparents filed a motion to dismiss the petition and a motion to vacate the emergency order. A hearing on Grandparents' motions was held on March 2, 2023. The circuit court granted the motion to vacate the emergency order and denied Grandparents' motion to dismiss the petition by order dated March 9, 2023.

On March 20, 2023, Mother filed a notice of hearing, setting a final hearing on her petition to modify grandparent visitation for April 21, 2023, in the Circuit Court of Monongalia County. On March 29, 2023, Grandparents filed a petition in the Court of Common Pleas of Mercer County, Pennsylvania, seeking declaratory judgment as to the jurisdiction of this matter and specific relief concerning custody of the Child. The Pennsylvania court set a hearing on Grandparents' petition for April 14, 2023.[6]

Upon learning of Grandparents' pending petition in the Pennsylvania court, counsel for Mother notified the Circuit Court of Monongalia County of the filing in the Pennsylvania court. At that time, Mother requested the circuit court enter an order enjoining Grandparents from continuing with their pending petition in the Pennsylvania court, requested an order directing Grandparents to pay her attorney fees, costs, and expenses associated with Grandparents' petition, and requested that the circuit court communicate with the Pennsylvania court so that a determination could be made that West Virginia is the home state of the Child, and that the Circuit Court of Monongalia County is the proper venue for the matter pursuant to the UCCJEA.[7] After the circuit court discussed jurisdiction with the Pennsylvania court, the circuit court, sua sponte, dismissed Mother's petition by order dated April 14, 2023. The circuit court found that Monongalia County did

---

[5] Generally, grandparent visitation matters in West Virginia may be initiated before the family court or the circuit court of the county in which the grandchild resides. *See* W. Va. Code §§ 48-10-301, -1001.

[6] The outcome of the Pennsylvania hearing is not in the record on appeal.

[7] *See* W. Va. Code § 48-20-110 (2001).

not have proper jurisdiction because "the Pennsylvania [c]ourt *specifically* held that it would maintain jurisdiction over any future grandparent visitation" matters in its July 21, 2022, order. It is from the April 13, 2023, order, that Mother now appeals.

The critical matter before this Court is whether jurisdiction of child custody visitation should be exercised in Pennsylvania or West Virginia. The dispositive issue in this appeal is the question of subject matter jurisdiction under the UCCJEA. "[J]urisdictional issues are questions of law[.]" *State ex rel. Universal Underwriters Ins. Co. v. Wilson*, 239 W. Va. 338, 343, 801 S.E.2d 216, 221 (2017) (citation omitted). "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

Mother presents three assignments of error on appeal. First, Mother contends that the circuit court erred in finding that West Virginia did not have subject matter jurisdiction to address the matter because Pennsylvania retained jurisdiction on its own accord. In support of this argument, Mother asserts the following: West Virginia is the Child's home state pursuant to the UCCJEA; the Child no longer has significant connections with Pennsylvania; there is no custodial parent or any person acting as a parent currently residing in Pennsylvania; all substantial evidence of the Child's care and future is in West Virginia; the Child's only connection with Pennsylvania is her court-ordered visitation with Grandparents; and a court confers jurisdiction solely by statutory authority. Therefore, Pennsylvania no longer retains jurisdiction.

In her second assignment of error, Mother contends that the circuit court erred by not enjoining the grandparents from continuing the proceeding filed in the Pennsylvania court. She maintains that upon learning of the petition filed by Grandparents in Pennsylvania, the circuit court failed to utilize one of three options pursuant to the UCCJEA. Specifically, she asserts that the circuit court should have enjoined Grandparents from pursuing relief in the Pennsylvania court instead of dismissing her modification petition. Finally, in her last assignment of error, Mother argues that the circuit court erred by not ordering Grandparents to pay attorney fees, costs, and expenses Mother incurred as a result of Grandparents' attempt to invoke Pennsylvania jurisdiction during the proceeding.

The UCCJEA is a uniform act controlling child custody disputes, including visitation disputes with respect to a child. *See* W. Va. Code § 48-20-101 to -404 (2001). It was enacted to promote cooperation and uniformity between states in determining custody issues, and to enhance the ability of states to enforce custody orders. In September 2001, the West Virginia Legislature enacted the UCCJEA which replaced the former Uniform Child Custody Jurisdiction Act that had governed interstate child custody jurisdiction in our state since 1981. *See Rosen v. Rosen*, 222 W. Va. 402, 406, 664 S.E.2d 743, 747 (2008).

4

The change "afford[ed] jurisdictional priority to the 'home state' in order to eliminate jurisdictional competition between courts regarding child custody."[8] *Id.*

West Virginia and Pennsylvania have both adopted versions of the UCCJEA. In Pennsylvania, the UCCJEA is codified at 23 Pennsylvania Consolidated Statutes §§ 5401 to –5482 (2004) and in West Virginia, it is codified at West Virginia Code § 48-20-101 to -404. The UCCJEA statutes in both states are nearly identical in language and entirely identical in substance. The Supreme Court of Appeals of West Virginia emphasized the importance of the UCCJEA in *In Re Z.H.*, 245 W. Va. 456, 859 S.E.2d 399 (2021):

> All courts must be watchful for jurisdictional issues arising under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), West Virginia Code §§ 48-20-101 to -404 (2001). Even if not raised by a party, if there is any question regarding a lack of subject matter jurisdiction under the UCCJEA then the court should sua sponte address the issue as early in the proceeding as possible.

*Id.* at 459, 859 S.E.2d at 402, syl. pt. 5.

Under the UCCJEA, the key phrase "child custody determination" is defined as "a judgment, decree or other order of a court providing for the legal custody, physical custody[,] or *visitation* with respect to a child. The term includes a permanent, temporary, initial and modification order[.]" W. Va. Code § 48-20-102(c) (2001) (emphasis added). While the statute does not expressly specify that *grandparent visitation* orders are within the scope of the UCCJEA, we find that the broad definition of "child custody determination" encompasses not only parental custodial allocation and parenting plan matters, but also grandparent visitation determinations that affect access to the child.

The UCCJEA employs a multi-step process to determine whether a state has jurisdiction for either an initial child custody determination or a modification of another state's child custody determination.

West Virginia Code § 48-20-203 (2001) governs when a West Virginia court may modify another state's child custody determination. The statute provides:

> [A] court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under subdivision (1) or (2), subsection (a), section 20-201 and:

---

[8] Pennsylvania adopted the new version of the UCCJEA in 2004.

(1) The court of the other state determines it no longer has exclusive, continuing jurisdiction under section 20-202 or that a court of this state would be a more convenient forum under section 20-207; or

(2) A court of this state or a court of the other state determines that the child, the child's parents and any person acting as a parent do not presently reside in the other state.

*Id*. Thus, the first step a West Virginia court must take to determine whether it has jurisdiction to modify another state's child custody determination is to establish whether it has jurisdiction to make an initial child custody determination under West Virginia Code § 48-20-201 (2001).[9]

West Virginia Code § 48-20-201(a) specifies four jurisdictional grounds for a West Virginia court to make an initial determination in a child custody proceeding. Those four grounds are summarized by the Supreme Court of Appeals of West Virginia as follows:

[T]o exercise jurisdiction to determine child custody, a court of this state must satisfy one of the four bases of jurisdiction set forth in Section 201(a). These four bases have been aptly summarized as 1) "home state" jurisdiction;

---

[9] West Virginia Code § 48-20-201 provides:

(a) [A] a court of this state has jurisdiction to make an initial child custody determination only if:

(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding, and the child is absent from this state but a parent or person acting as a parent continues to live in this state;

(2) A court of another state does not have jurisdiction under subdivision (1) of this subsection, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under section 20–207 or 20–208, and:

(A) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and

(B) Substantial evidence is available in this state concerning the child's care, protection, training and personal relationships;

(3) All courts having jurisdiction under subdivision (1) or (2) of this subdivision have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under section 20–207 or 20–208; or

(4) No court of any other state would have jurisdiction under the criteria specified in subdivision (1), (2) or (3) of this subsection.

6

2) "significant connection" jurisdiction; 3) "jurisdiction because of declination of jurisdiction"; and 4) "default" jurisdiction. These jurisdictional bases do not operate alternatively to each other, but rather, in order of priority—reaching the next basis of jurisdiction only if the preceding basis does not resolve the jurisdictional issue.

*In re K.R.*, 229 W. Va. 733, 740, 735 S.E.2d 882, 889 (2012) (internal citation omitted).

West Virginia Code § 48-20-201(a)(1) confers home state jurisdiction upon a West Virginia court if West Virginia "is the home state of the child on the date of the commencement of the proceeding." Pursuant to West Virginia Code § 48-20-102(g) (2001):

"Home state" means the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of a child less than six months of age, the term means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of any of the mentioned persons is part of the period.

To determine whether a state qualifies as a child's home state for purposes of determining initial jurisdiction under the UCCJEA, the court must analyze whether any state qualified as the child's home state at any time within the six months immediately preceding commencement of the action. *See In re K.R.*, 229 W. Va. 733, 735 S.E.2d 882 (2012). The term "commencement" means "the filing of the first pleading in a proceeding." W. Va. Code § 48-20-102(e).[10]

---

[10] It appears that the Supreme Court of Appeals of West Virginia has not yet ruled specifically on whether a motion to modify grandparent visitation is considered the "commencement of a proceeding" in relation to the UCCJEA. Nonetheless, because the UCCJEA was created to promote uniformity of the states, we look to other states that have enacted the UCCJEA for guidance. *See* W. Va. Code § 48-20-401 (2001). Other state courts have determined that a relevant proceeding for purposes of determining the "date of the commencement of the proceeding" in a matter is not the original proceeding but is the post-action motion concerning custody or visitation that controls. *See Friedman v. Eighth Jud. Dist. Ct. of State, ex rel. Cnty. of Clark*, 264 P.3d 1161, 1166 (Nev. 2011); *Kioukis v. Kioukis*, 440 A.2d 894, 898 (Conn. 1981). To hold that "the proceeding" refers to the original action would confer perpetual jurisdiction over matters of custody to the courts of the state which presided over the initial action, regardless of whether the parties or child had any further connection with that state, a result that is contrary to the underlying purpose of the UCCJEA. *Sidell v. Sidell*, 18 A.3d 499, 506 (R.I. 2011); *See Baumgartner v. Baumgartner*, 788 P.2d 38, 40 (Alaska 1990); *Barden v. Blau*, 712 P.2d 481, 485

This action commenced when Mother filed her petition to modify grandparent visitation on December 5, 2022, in the Circuit Court of Monongalia County, approximately eleven months after Mother and Child moved to West Virginia with the intent to remain permanently. Clearly, Pennsylvania could not be the home state of the Child within six months before the commencement of the proceeding for initial jurisdictional purposes, and, as such, West Virginia is the Child's home state.

Having determined that West Virginia is the Child's home state, the next step is to refer back to the modification statute governed by West Virginia Code § 48-20-203. The modification statute then requires one of the following events: 1) either the Pennsylvania court has to determine it no longer has exclusive, continuing jurisdiction or that the West Virginia court would be a more convenient forum; or 2) the West Virginia court (or Pennsylvania court) has to determine that the Child, the Child's parents, or any person acting as the Child's parent do not presently reside in Pennsylvania. *See* W. Va. Code § 48-20-203.

The record below indicates that Pennsylvania's exclusive, continuing jurisdiction was not terminated under the first criterion set forth in West Virginia Code § 48-20-202[11]

---

(Colo.1986); *Rypma v. Stehr*, 511 A.2d 527, 530 (Md. 1986); *Pozzi v. Pozzi*, 510 A.2d 123, 124 (N.J. Super. Ct. Ch.Div.1986); *Trask v. Trask*, 727 P.2d 88, 90 (N.M. Ct. App.1986). "Commencement of the proceeding" is interpreted to mean the recent, post-action motion concerning the custody or visitation of the child. *Kioukis*, 440 A.2d. at 898.

[11] West Virginia's statute governing the UCCJEA's exclusive, continuing jurisdiction over child custody determinations is identical in substance to Pennsylvania's statute. West Virginia Code § 48-20-202 states:

> [A] court of this state which has made a child custody determination consistent with section 20-201 or 20-203 has exclusive, continuing jurisdiction over the determination until:
> (1) A court of this state determines that neither the child, the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training and personal relationships; or
> (2) A court of this state or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this state.
> (b) A court of this state which has made a child custody determination and does not have exclusive, continuing jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under section 20-201.

because it requires the Pennsylvania court to make such determination.[12] However, the second criterion to terminate Pennsylvania's exclusive, continuing jurisdiction is satisfied as long as *any state* determines that "the child, the child's parents and any person acting as a parent do not presently reside in [Pennsylvania]." W. Va. Code § 48-20-202; *See also* 23 Pa. Cons. Stat. § 5422.

Here, the only custodial parent is the Child's Mother, as she was granted sole legal custody of the Child by the Pennsylvania court's July 21, 2022, order. However, it is uncontested that the Child's father presently resides in Pennsylvania as an inmate in the custody of the Pennsylvania Department of Corrections. As long as his parental rights have not been terminated, his residence in Pennsylvania is enough to defeat the termination of Pennsylvania's exclusive, continuing jurisdiction on those grounds. *See id.*

The language of the UCCJEA's exclusive, continuing jurisdiction is clear. Neither this Court nor the circuit court can terminate Pennsylvania's continuing exclusive jurisdiction in the matter unless the father did not reside in Pennsylvania when Mother filed her modification petition in the Circuit Court of Monongalia County. Otherwise, West Virginia only has jurisdiction to modify the Pennsylvania court's order if the Pennsylvania court determines that it no longer has exclusive, continuing jurisdiction, or that West Virginia is a more convenient forum. *See* W. Va. Code §§ 48-20-202, 48-20-203, 48-20-207. The record on appeal does not reflect any such determinations made by the Pennsylvania court. Therefore, we find no basis for jurisdiction to modify the Pennsylvania court's order, and no error in the circuit court's dismissal order. Furthermore, without jurisdiction, this Court has no legal basis to enjoin Grandparents from continuing their Pennsylvania court proceeding, or for awarding attorney fees, costs, or expenses associated with that Pennsylvania proceeding.

For the above-stated reasons, we affirm the Circuit Court of Monongalia County's April 13, 2023, dismissal order.

Affirmed.

---

[12] "Once a court with original jurisdiction issues an initial child custody order, the UCCJEA gives that court exclusive, continuing jurisdiction over all future custody determinations, subject to statutory exceptions." *Angel B. v. Vanessa J.,* 316 P.3d 1257, 1260 (Ariz. 2014). "Unless a statutory exception applies, courts in other states are prohibited from modifying an initial child custody order entered by a court with exclusive, continuing jurisdiction." *Id.*

**ISSUED:** March 25, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear